No. 38,375

THE STATE OF KANSAS, *Appellee,* v. CHARLES CONE, GRANT MERRITT and DWAN GREENWAY, *Appellants.*

(232 P. 2d 470)

Opinion filed June 9, 1951.

*Eugene T. Hackler,* of Olathe, argued the cause and was on the briefs for the appellants.

*John Anderson, Jr.,* county attorney of Johnson county, argued the cause and *Harold R. Fatzer,* attorney general, and *C. Harold Hughes,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: The defendants were tried jointly and convicted in the first count of burglary in the nighttime and in the second count of grand larceny. They have appealed.

They argue first there was not sufficient evidence to prove that the burglary was committed at night. Cone and Greenway argue further there was not sufficient evidence to prove possession of the recently stolen property in them.

As to the first argument, W. D. Smith operated a store in a small town in Johnson county. He testified that he left his store as usual at the close of the day on January 19; that he barred the door; that when he came back to his store on the morning of January 20th

everything was scattered about and badly misplaced and there was a hole in the wall under the window. This was all the evidence there was as to the time of entering. It will be noted he did not testify as to when he locked his store at the close of business on January 19th. For all the evidence shows there might have been several hours between that time and sundown. On this point the state asks us to assume the burglary was committed in the nighttime from the fact there was evidence the burglary was committed after the storekeeper closed his store and before 1:50 the next morning. The state argues it is only reasonable to believe that the defendants followed the usual practice of thieves and committed their crime under the protection of darkness. This is a case where the guilt of the defendants is being established by circumstantial evidence. In such case the circumstances must be so strong as to exclude every reasonable hypothesis except that of guilt of the defendant. (See *State v. Goldsberry,* 160 Kan. 138, 160 P. 2d 690.) See, also, 9 Am. Jur. § 70, where it states:

"Where there is nothing to show that the entry may not have been made, and the property taken, during the daytime, the jury is not warranted in finding that the entry was made in the nighttime."

(See, also, *State v. Gunderson,* 56 Wash. 672, 166 Pac. 194.) In *The State v. Rice,* 93 Kan. 589, 144 Pac. 1016, we held:

"The defendant was convicted of burglary in the nighttime without evidence showing at what time the offense was committed. Burglary in the daytime being the lesser of the two offense, the presumption in favor of the appellant is that it was committed in the daytime, and for this reason the judgment is reversed and a new trial ordered."

It follows the only offense of which the evidence on this count proved defendants guilty was burglary in the daytime, in violation of G. S. 1949, 21-521. Since that is an offense of lesser degree than burglary in the nighttime, in violation of G. S. 1949, 21-518, the defendants should have been given a new trial as to the first count.

We turn now to the argument of defendants Cone and Greenway that there was not sufficient evidence to prove their possession of the recently stolen property. This is actually an argument there was not sufficient evidence to warrant the trial court in giving an instruction as to the possession of recently stolen property. The evidence on this point was that about 1:50 in the morning of January 20th the Kansas City, Missouri police received a call that men were carrying merchandise into an apartment house. They entered

the apartment house and after listening at several doors heard people talking in one apartment. They knocked and defendant Merritt opened the door. The police entered and found a great deal of property that was later identified to be property from Smith's Grocery store. After some questioning they took Merritt to the police station. They later came back and found Cone and Greenway fully clothed and asleep on a pallet on the floor in an adjacent apartment connected with the first apartment through a closet. Later the person who had called the police identified Cone and Greenway as being the men he had seen carrying this property into the house from a car. The court instructed the jury as follows:

"Evidence has been introduced tending to show that after the time it is claimed the property of Mr. W. D. Smith was stolen, it was found in the possession of the defendants. You are instructed that possession of stolen personal property shortly after it is stolen is prima facie evidence that the possessors are the thieves, and it throws upon the possessors the burden of explaining such possession. If such possession is unexplained, or if the explanation is not satisfactory, it is of itself sufficient to warrant a conviction of grand larceny."

Cone and Greenway argue there was not sufficient evidence the merchandise was in their possession to warrant the court in giving that instruction as to them.

There are a number of answers to it. The first is that there was evidence tending to show that Cone and Greenway had been in possession of the property since they were identified as being among those who were seen carrying the property into the apartment house a few hours after the theft. They asked for a new trial on the ground of illegal admission of evidence; that the verdict was not sustained by sufficient evidence; that their oral motion for a directed verdict should have been sustained and that the verdict of the jury was contrary to law. The point as to this instruction being given was never presented to the court on the motion for a new trial; neither was it mentioned in the notice of appeal. While the sufficiency of the evidence as to possession was mentioned in the specifications of error, the giving of the instruction as to possession was not mentioned.

It follows that the judgment of guilty as to the first count of the information is reversed with directions to grant defendants a new trial as to the first count, in accordance with the views expressed herein, and that of guilty as to the second count is affirmed.