No. 41,918

THE STATE OF KANSAS, *Appellee*, v. RICHARD S. DOUGHERTY, Alias MICHAEL S. DOUGHERTY, *Appellant*.

(352 P. 2d 1031)

Opinion filed June 11, 1960.

*Orval L. Fisher,* of Wichita, argued the cause and was on the briefs for the appellant.

*Guy L. Goodwin,* deputy county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, *Robert E. Hoffman,* assistant attorney general, *Keith Sanborn,* county attorney, *Ronald H. Rogg,* deputy county attorney, *Kenneth L. Ingham,* deputy county attorney, and *Marvin R. Appling,* deputy county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant (appellant) was tried on one count of an information charging him with burglary in the nighttime as defined by G. S. 1949, 21-515, and with larceny as defined by section 21-524. The jury returned a verdict of guilty on both charges. The trial court overruled defendant's motion for a new trial and sentenced defendant to confinement in the state penitentiary for each offense. Defendant appeals and contends that the evidence failed to establish the burglary was committed in the nighttime.

The pertinent portion of G. S. 1949, 21-515, under which defendant was prosecuted, provides that every person who shall be convicted of breaking into a dwelling house in the nighttime with intent to commit a felony or any larceny shall be deemed guilty of burglary in the second degree. Section 21-524 provides that if any person in committing burglary shall also commit a larceny, he may be prosecuted for both offenses in the same count or in separate

counts of the information, and on conviction of such burglary and larceny shall be punished by confinement and hard labor, in addition to the punishment prescribed for the burglary, not exceeding a term of five years.

The only evidence relating to the time of the commission of the alleged offenses was that Mr. Dunnell's house was entered and the burglary and the larceny were committed on the evening of July 13, 1959, sometime between the hours of 7:30 and 9:30 p. m. The record discloses that the sun set on the date and at the place of the offenses at 7:52 p. m. Mr. Dunnell testified that when he left his house at 7:30 p. m. it was in order and the doors and windows were closed; that when he returned home at 9:30 p. m. the back door was standing open and various articles of clothing and personal property had been scattered around, and that a movie camera, a wrist watch and a billfold were missing. Defendant was arrested on July 24 and a wrist watch which was found in his possession was identified as the property of Mr. Dunnell.

It is the general rule, in the absence of a statutory provision to the contrary, that the "nighttime," within the definition of burglary, is, as was held at common law, a period between sunset and sunrise during which there is not daylight enough by which to discern a man's face. (*State v. Scott*, 162 Kan. 571, 178 P. 2d 182; *State v. Cone*, 171 Kan. 344, 232 P. 2d 470; 9 Am. Jur., Burglary, § 18; 12 C. J. S. Burglary §§ 14, 60; 3 Burdick, Law of Crime, § 709.) Where there is nothing to show that the entry may not have been made and the property taken during the daytime, the jury is not warranted in finding the entry was made in the nighttime. (*State v. Cone*, supra; 9 Am. Jur., Burglary, § 70.) In *State v. Rice*, 93 Kan. 589, 144 Pac. 1016, we held that where a defendant was convicted of burglary in the nighttime without evidence showing at what time the offense was committed, burglary in the daytime being the lesser of the two offenses, the presumption in favor of the defendant is that the crime was committed in the daytime. (*State v. Cone*, supra.)

There is no evidence in the record in the instant case to show that the burglary was not committed prior to sunset or during that period of daylight following sunset when it is possible to discern the face of a man. It follows that the only offense that the evidence on the burglary count proved the defendant guilty of was burglary in the daytime, which is an offense of lesser degree than burglary in

the nighttime. The defendant should therefore be granted a new trial on the charges set forth in the information. In view of what has been said, other questions raised require no discussion. It follows that the judgment of the trial court is reversed and a new trial is ordered.