*George ELLIS, Plaintiff in Error,*

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15013.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1970.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, George Ellis, hereinafter referred to as the defendant, was charged, arraigned, and entered a plea of guilty after certain stipulations were made, and sentenced to 18 months imprisonment for the crime of possession of marihuana, judgment and sentence being imposed on May 10, 1968, in the District Court of Tulsa County, Case No. 23100. After denial of motion for new trial defendant was allowed to perfect this appeal as an indigent.

The single issue raised on appeal as error is the ruling of the trial court denying defendant's motion to suppress the evidence on the grounds of an illegal arrest and search.

The trial court conducted a full hearing on defendant's motion to suppress hearing the testimony of the two officers who apprehended defendant. From their testimony it appears that the officers saw the defendant on a Tulsa street, called him over to inquire of him regarding a female escapee of a state mental institution. The officers had been informed that the female escapee was the girlfriend of the defendant, and that they had been seen together shortly before. Upon inquiring of the defendant regarding the escapee the officers detected the odor of marihuana on the defendant's person and then took him into custody. The officers had previously been informed by defendant's girlfriend and niece that he had been in possession of marihuana. Defendant was taken directly to the sheriff's office where he was searched resulting in the disclosure of two partially smoked marihuana cigarettes and a matchbox containing marihuana. After reviewing the evidence the judge made the following finding:

"He [the officer] tells you that he was looking for an escapee from a mental hospital, that she was a girl friend of this defendant, that he had learned that they were together not more than forty-five minutes before he first saw the defendant in the public street of north Tulsa; and that upon seeing the defendant he called him to the car to make inquiry as to where this mental patient might possibly be and for no other reason, but while discussing with him on this matter he detected the strong odor of smoked marijuana on the defendant's person and thereupon under the belief that he probably had marijuana in his pockets or in his clothing, took him to the Sheriff's office and there searched him. It is my opinion that there was absolutely no subterfuge here."

The judge, in making his ruling denying the motion to suppress, relied upon this Court's decision in Russell v. State, Okl. Cr., 433 P.2d 520 (1967) which held:

"An officer may at night, without a warrant, arrest any person whom he has reasonable cause to believe to have committed a felony, and is justified in making the arrest though it afterward appeared that the felony had not been committed."

In Ward v. State, 95 Okl.Cr. 387, 246 P.2d 761 (1952) this Court held that:

" * * * the ruling of a trial court on a motion to suppress evidence will be sustained where there is any competent evidence in the record to sustain the judgment of the court."

We find that there was competent evidence in the record to sustain the judgment of the trial court in overruling defendant's motion to suppress. The burden is clearly upon the proponent of a motion. Franklin v. State, Okl.Cr., 279 P.2d 1116 (1955). The evidence in the record supports the finding that the officers had reasonable cause to believe that the defendant was committing a felony which allowed them to make an arrest without a warrant, where the officers smelled marihuana on defendant's person and after having been informed by two individuals that defendant had been in possession of marihuana.

Finding no merit to the contention of the defendant, we conclude that the judgment and sentence of the District Court of Tulsa

County, case number 23100 sentencing the defendant, George Ellis, to 18 months imprisonment for the crime of possession of marihuana should be and the same is, hereby affirmed.

BUSSEY, J., concurs.