Clayton Levi ALLEN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–269.

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1974.

As Corrected Oct. 9, 1974.

Rehearing Denied Oct. 17, 1974.

OPINION

BUSSEY, Judge:

Appellant, Clayton Levi Allen, hereinafter referred to as defendant, was charged with a co-defendant, Twana Denise Ward, and convicted in the District Court, Oklahoma County, Case No. CRF–73–168, for the crime of Grand Larceny in violation of 21 O.S. 1971, § 1701. A jury acquitted the defendant Twana Denise Ward and defendant Clayton Levi Allen's punishment was set at a term of one (1) year in the State penitentiary. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Richard Pilant, owner of the 1969 Chevrolet, testified he left his automobile at Don Straun's garage for repairs. He did not give anyone permission to remove any parts off his vehicle when he left it for repairs except Don Straun.

Kenneth Wertz testified he was employed as a Police Officer for the Nicoma Park Police Department. On June 17, 1973, he was dispatched to Northeast 45th and Richardson Streets. Upon arriving at said location, he observed a 1969 red Super Sport Chevrolet laying on its side. There were approximately eight to ten people around the automobile. As he approached the vehicle, most of the individuals ran into a nearby wooded area with the exception of the two defendants who got into a pickup truck and attempted to depart but were stopped by a police vehicle. Officer Wertz then testified that he observed the transmission, drive shaft, cross member and radiator were missing from the overturned vehicle and that the motor support bolts and rear end bolts on the differential were loose. He further stated that the trunk had been pried open. Officer Wertz further testified that he observed a transmission, drive shaft, cross member and a few tools in the bed of the pickup truck. The defendant, Clayton Levi Allen, had grease on his clothes and his clothing was soiled.

William C. Majors, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Amalija J. Hodgins, Asst. Atty. Gen., for appellee.

W. T. Jackson testified that he was employed as a Police Officer for the Oklahoma City Police Department. On June 17, 1973, he arrived at the scene of an overturned car located at Northeast 45th and Richardson and found that a County officer had the defendant in custody. Officer Jackson testified further that the defendant Allen was in a scout car and defendant Ward was in the cab of the pickup. He observed the overturned vehicle, and noted the tag and serial number. A registration check was then run which revealed that the overturned vehicle was owned by Richard and Joe Pilant, and was a stolen vehicle. Officer Jackson observed that numerous parts had been removed from said vehicle and that a transmission, drive shaft and cross member were in the bed of the pickup.

Officer Jackson further testified that he placed the defendants under arrest for grand larceny and molesting a standing vehicle. He then advised the defendants of their constitutional rights. Defendant Allen then told Officer Jackson that they were just driving by and they decided to take some parts from the car but that he did not steal the car. Defendant Ward, after being advised of her constitutional rights, told Officer Jackson that she had not been a participant in the removal of the parts from the overturned vehicle. Officer Jackson thereafter took the transmission, drive shaft and cross member, tagged the property and placed these items in the Police Department's Property Room. Officer Jackson concluded his testimony by indicating that although he was told by defendant Ward that they were on their way to go swimming, he did not observe bathing suits.

Larry Dell Gramling testified he was employed as an Oklahoma City Police Detective assigned to the Auto Theft Detail in the Stolen Goods Division. He testified that a "vin" number is the number that a manufacturer puts on a vehicle to single out and identify that particular vehicle from any other manufactured. Detective Gramling further testified that each vehicle has one public "vin" number and several confidential "vin" numbers, and that on the 1969 Chevrolet the public "vin" is located on the left side of the dash with a partial identification number on the transmission. The partial "vin" number on the transmission in question matched the "vin" number of the overturned 1969 Super Sport Chevrolet. The State then introduced State's exhibit No. 3 which was a dust lift of the "vin" number on the transmission.

Defendant Allen took the stand and testified that the pickup in question belonged to his brother Melvin. He further stated that on the date in question he had just returned home and his brother Richard asked him if he wanted to go to town. The defendant stated that he rode in the bed of the pickup to the site of the overturned car. He testified that he saw the car in question laying on its side in the middle of the road and that Richard backed the pickup down the road to the car. The defendant stated that upon arriving at the scene he got out of the truck and began lacing his new tennis shoes. The tennis shoes were admitted into evidence and the defendant testified there was no grease on them and further that it had been his experience that once tennis shoes got grease on them, the grease could never be removed. Defendant Allen denied picking up the transmission or removing it from the automobile. He further denied knowledge of how the transmission got into the bed of the pickup. He further testified that the transmission was not in the truck prior to his arrival on the scene. The defendant stated that upon arriving at the scene he saw his brother Melvin and other people who he did not know. He testified that when the Nicoma Park Police arrived the people began to run after he stated, "here comes the police." Defendant Allen then testified that he got into the pickup and

started the motor. He stated that co-defendant Twana Ward and his brother's children were also in the truck, having never disembarked. He did not know why he attempted to leave when he saw the police and he did not know why Melvin had wanted them to bring his pickup to the site. He denied that Officer Jackson advised him of his rights and gave him the Miranda warnings. The only statement he made to Officer Jackson was to the effect that he had not stolen the automobile. He further denied there was grease or oil stains on his clothing.

Melvin Allen, the defendant's brother testified that on the date in question he called Richard asking him to bring his pickup to the site, and that Richard and the two co-defendants, Clayton Allen and Twana Ward, arrived approximately five minutes before the police. He testified that the defendant had driven the pickup to the scene. The witness then testified that he did not see the defendant Allen remove any item from the automobile and that he did not observe the defendant Twana Ward outside the pickup. He further testified that he had not seen anyone load the transmission onto the truck. He refused to answer the question as to why he had called requesting the pickup be brought to the site. He did not at any time see the defendant Allen handle any property that was taken from the automobile and denied that he had told defendant Allen any of the property was stolen. He admitted a previous conviction for petty larceny. When the police arrived he and Richard fled the scene. He later returned and inquired about the children who were then put in his custody by an officer who was present at the scene.

Richard Allen, another brother of the defendant, and the former husband of co-defendant Twana Ward testified that on the date in question he was with the co-defendant Twana Ward and that they were on their way to go swimming. The witness stated that upon receiving the request for the truck he drove it to the site and that Twana Ward rode in the cab and Clayton Allen rode in the bed of the pickup. He further testified that upon arriving at the scene the vehicle in question was upright in the middle of the road but the wheels had been removed. He testified that the defendant Twana Ward never left the pickup. When asked why he fled the scene when the police arrived, he refused to answer. He stated that upon returning to the scene he was placed under arrest by Officer Williams. He stated that he never saw Officer Jackson advise the defendant Allen of his constitutional rights. He also testified that he did not see defendant Allen place any automobile parts into the pickup and that defendant Allen never left the vicinity of the pickup. The witness testified that to his knowledge neither defendant had any idea what was taking place at the scene. He stated that when the police arrived he attempted to flee in the truck but that it was already occupied by defendants Allen and Ward and the three children, therefore, he fled on foot.

Defendant first contends that the evidence presented at the preliminary hearing was insufficient to bind the defendant over for trial and the trial court erred in refusing to sustain his motion to dismiss.

■ A preliminary examination is to ascertain whether the crime charged has been committed, and, if so, whether there is probable cause to believe the accused committed it. See, Neff v. State, 39 Okl. Cr. 133, 264 P. 649 (1928). In the instant case we have carefully reviewed the evidence presented at the preliminary hearing and find that although the evidence presented at the preliminary hearing was not as strong as that presented at the trial, it was sufficient to show that a crime was committed and there was probable cause to believe that the defendant committed it.

■ Defendant's second proposition asserts the trial court erred in overruling his objection to the verdict forms.

The record reveals that the trial court submitted three possible verdicts to the jury: (1) Both defendants guilty; (2) Both defendants not guilty; (3) Defendant Allen guilty, Defendant Ward not guilty. Prior to submitting the case to the jury, defense counsel requested the court give a fourth verdict which would allow the jury to find defendant Allen not guilty and defendant Ward guilty.

We believe the defendant's assertion would be correct had there been sufficient evidence presented to submit defendant Ward's case to the jury. However, from a review of the evidence we find there was not sufficient evidence to convict defendant Ward and the trial court should have sustained a demurrer as to defendant Ward. Had the jury found her guilty, her conviction would have been set aside on appeal. However, the jury cured this error by finding defendant Ward not guilty. Therefore, as to defendant Allen, there was no error in the verdict forms as the jury could have found him either guilty or not guilty. They, however, chose to disbelieve the defendant's story and found him guilty.

Defendant's final proposition asserts the trial court abused its discretion in denying defendant's application for a deferred or suspended sentence. This Court has consistently held that the question of whether a probation or a suspended sentence is granted is a matter of discretion with the trial Court and in the absence of an abuse of that discretion, the trial court's ruling will not be overturned. See, Ramsey v. State, Okl.Cr., 473 P.2d 305 (1970); Hamilton v. State, Okl.Cr., 481 P.2d 471 (1971).

In the instant case we find no abuse of discretion. Therefore, the trial court's ruling must stand. However, this does not preclude the defendant from again submitting his application to the trial court under the provisions of 22 O.S.1971, § 994.

The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.