**The STATE of Oklahoma, Appellant,**

**v.**

**James David McLEMORE and Judy McLemore, Appellees.**

**No. O–76–167.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1977.

As Modified On Denial of Rehearing
April 5, 1977.

Curtis P. Harris, Dist. Atty., James P. Laurence, Asst. Dist. Atty., for appellant.

Rick Chew, Oklahoma City, for appellees.

## OPINION

BUSSEY, Judge:

This is an appeal on a Reserved Question of Law, brought by the State of Oklahoma from Orders of the District Court, Oklahoma County, sustaining Motions to Suppress, and a Motion for Directed Verdict in Case No. CRF–75–2734, wherein James David McLemore and Judy McLemore, hereinafter referred to as defendants, were charged with Possession of Barbiturates with Intent to Distribute.

The defendants were arrested by agents of the Oklahoma Bureau of Investigation. At the time of their arrest, the defendants were in apartment no. 104Z, building 5017 of Willowrock Apartments at 5000 N.W. 10th, Oklahoma City, Oklahoma. The defendants, along with three other persons in the apartment, were arrested without a warrant after agents of the Oklahoma Bureau of Investigation observed one Bebout go inside the apartment in question after they had given Bebout $135.00 in identifiable money and ascertained from him that he would procure 1,000 "hits of speed" for them. The agents observed that Bebout drove to the address in question, went inside apartment 104Z for about five minutes, left the apartment and drove about three blocks, at which point he delivered the "hits" to them. The arrest of the defendants was based on no other information. A search warrant for the apartment was obtained on the basis of this information plus the fact that some of the identifiable money was found in the possession of one of the defendants. It is important to note that Bebout was unaware that the men who had given him the money for the purchase were agents of the Oklahoma Bureau of Investigation, and consequently no search of Bebout, or his vehicle, had been made prior to the actual delivery of the drugs. A pretrial hearing on a Motion to Suppress all evidence obtained as a result of the arrest and subsequent search was held and Judge Cannon ruled that the arrests were illegal and suppressed the evidence. At trial, Judge Harris relied on the findings of the hearing and did not make an independent investigation of the facts to determine admissibility of testimony or evidence.

The first assignment of error that the court below, sitting solely for the purpose of hearing the defendants' pretrial motions, erred in sustaining the defendants' Motion to Suppress the evidence, is without merit.

The arrest by the State must fall under 22 O.S.1971, § 196, in order to be valid. It was obvious that a felony had been committed, but there was no evidence that the arresting officers had probable cause to believe that the defendants had committed the felony. The officers already had in custody the person they observed commit the felony of which they had knowledge— Bebout.

 The facts pertinent to the arrest of the persons inside apartment 104Z which were known to the Oklahoma Bureau of Investigation agents were that they had been told by a person they had never met before, one Bebout, that he was going to the apartment to pick up some drugs for a sale he was to make to them. The officers followed Bebout to apartment 104Z, saw him enter and leave. They followed him from the apartment and in another location made his arrest after he gave them some pills. The officers had no knowledge of the contents of the vehicle driven by Bebout either before he drove it to the apartment, or any time along the route it traveled.

The only thing the agents knew for certain was that Bebout stopped at the apartment for approximately five minutes. The agents had no knowledge of what went on inside the apartment, or whether or not it was occupied, and, if so, by whom. Based on this, the agents formed conclusionary suspicions that drugs were being distributed from the apartment. The agents did not know whether any of the five people arrested were even present when Bebout was there.

In *Greene v. State*, Okl.Cr., 508 P.2d 1095 (1973), we held:

> "The test is 'whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information was sufficient to warrant a prudent man in believing that the petitioner [arrestee] had committed or was committing an offense.' *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964).
> . . ."

■ Suspicion is not acceptable " . . as the early American decisions both before and immediately after its [the Fourth Amendment] adoption show, common rumor or report, suspicion, or even 'strong reason to suspect' was not adequate to support a warrant for arrest. And that principle has survived to this day. . . ." *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134, 138 (1959); *United States v. DiRe*, 332 U.S. 581, 593–595, 68 S.Ct. 222, 92 L.Ed. 210, 219, 220 (1948); *Johnson v. United States*, 333 U.S. 10, 13–15, 68 S.Ct. 367, 92 L.Ed. 436, 439–441; *Giordenello v. United States*, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503, 1509 (1958). The fact that afterward the contraband was discovered cannot be used to justify the arrest or search and the fact that no one even reported any criminal acts of the defendants is important to note. *Henry v. United States*, supra, 361 U.S. at page 139, 80 S.Ct. 168. Moreover, if an arrest without a warrant is to support an incidental search, it must be made with probable cause. *Henry v. United States*, supra, at pages 138, 139, 80 S.Ct. 168.

■ In *Greene v. State*, supra, this Court applied the test in the warrantless arrest of the occupants of an automobile and we further stated:

> " . . . Once a warrantless arrest or search is challenged, the burden is on the prosecution to prove it was lawful. . . ."

This Court explicitly determines that the "facts and circumstances within the mind of the initiating officer [must be] sufficient to establish probable cause. . . ." *Grimes v. State*, Okl.Cr., 528 P.2d 1397, 1401 (1974). We must conclude, as did the judge at the hearing on the Motion to Suppress evidence, that the warrantless entry and arrest were illegal. The search warrant, which relies in part on the identifiable money found in the possession of the defendant, James David McLemore, after his arrest, cannot be valid nor can it cure the initial illegal arrest. Based on the facts known to the arresting officers, there was no probable cause to justify an arrest.

For the reasons above set forth, we are of the opinion that the search warrant was so dependent upon the fruits of a search tainted by the illegal arrest as to render the search warrant invalid.

■ The second assignment of error that the trial court erred in refusing to make an independent ruling on the defendants' Motion to Suppress, after having heard the evidence and instead, holding the earlier District Court's ruling was binding, is well founded. The Order given at pretrial was interlocutory and not binding on the trial judge who had the duty to pass on it at the time it was offered. The trial judge is no more bound by the earlier motion previously heard than he would be bound to follow his own ruling limiting evidence at the trial. This Court has held that the State may seek to introduce evidence obtained from a search and seizure which had been excluded from trial on retrial after Motion for New Trial was granted, and that the trial judge should carefully

weigh the question of admissibility of such evidence. The State could only appeal the exclusionary order after jeopardy had attached in a final order of the trial. *State v. Schiel*, Okl.Cr., 428 P.2d 889 (1967).

The third assignment of error is that the trial court erred in sustaining the defendants' Motion for Directed Verdict. This assignment of error is predicated upon the assertion that the evidence seized incident to a lawful arrest and evidence seized under a lawful search warrant were improperly excluded. Having determined that the arrest of the defendants was unlawful and the evidence seized incident to that arrest was inadmissible, and the evidence seized under authority of an invalid search warrant was inadmissible, we also find Appellant's third assignment of error to be without merit.

For all of the above and foregoing reasons, the actions of the District Judges are AFFIRMED, insofar as they are consistent with this Opinion.

BRETT, P. J., and BLISS, J., concur.