Tony PANTHER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–156.

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1981.

Taylor C. Stein, Newcombe & Redman, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Neil Leader, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Tony Panther, hereinafter referred to as defendant, was convicted of

Concealing Stolen Property, After Former Conviction of a Felony, in the District Court of Comanche County, in Case No. CRF–80–286, was sentenced to forty (40) years' imprisonment, and he appeals.

In his sole assignment of error the defendant asserts that the trial court erred in overruling his motion to suppress evidence. The defendant contends that said evidence was obtained pursuant to a deficient search warrant and therefore the search and subsequent seizure of items from his place of residence was unlawful.

 In the first of a three faceted argument, the defendant maintains that the search warrant and affidavit in support thereof failed to adequately describe the premises. The place to be searched is described in the search warrant as follows:

> The residence to be searched is located at 704 'E' Aveenue, [sic] city of Lawton county of Comanche and state of Oklahoma. Proceed to the intersection of 'E' avenue and southwest seventh street. Proceeding west on 'E' avenue from seventh street the house to be searched will be the second house on the south side of the street. Said house has a white composition roof and is constucted [sic] entirely of wood except for the north porch and porch roof supports which are concrete. The house is yellow in color and trimmed in a darker yellow color and is the only yellow house on the block. The front entrance of said house faces north. Said front door appears to be the same yellow color as the house and is covered by a black framed storm door with a full length glass. Said door is to the west part of the north side of the house. There are two windows on the norht [sic] side of the house one on each side of said door. There is a second door on the north side of said house to the eastand [sic] south. Said door is yellow as the house with a silver storm door and does not

appear to be in use. The north, front porch is constructed of concrete as are the steps and porch roof supports. Said porch roof is supported by four upright double wooden posts, also yellow in color. Attached to the north side of the house is a television antenna which reaches from the ground to up above the roof line. In the front of the house is a gas light which appears to be damaged. On the northeast corner of the property is a parking-area [sic] with a collapsed carport lying on the parking area also yellow in color. In the rear of the house is a smaller house contructed [sic] and colored the same as the said house. Facing the north door and to the right are the numbers 704 in the darkbrown [sic] contrasted on the yellow background of the house. Said property to be searched includes the entire curtilage including garages, outbuildings and vehicles on the premises.

Additionally, the search warrant was directed specifically against the defendant and another, Leon Hill, both of whom resided in the above described premises.[1]

Defendant argues that said description was insufficient relying upon this Court's past decision of *Myer v. State*, 34 Okl.Cr. 421, 246 P. 1105 (1926), wherein a search warrant premised on an affidavit which neither identified nor described any person authorized the search of a building occupied by several families who resided in separate apartments contained therein. In *Myer*, we held:

> Where the place to be searched is described in the affidavit and in the search warrant by a single street number without naming the owner or any of the occupants' where two (2) or more families reside in separate apartments, a search warrant directing the officers to search the premises designated by such single number is void because in legal contemplation it describes more than 'place'.

1. The dwelling was a local church-operated house called Living Today which was shared and occupied by its tenants. The stolen items were seized from the livingroom and bedrooms of the dwelling.

In the matter at bar the dwelling searched contained no separate apartments. It was a one story dwelling containing four (4) bedrooms, a livingroom, a diningroom, a kitchen and a bathroom. Upon arrival, police officers observed one person present, the defendant. No other persons were in the dwelling at the time the search occurred. Since no evidence was presented in support of his motion to suppress that the "bedrooms" were not shared, used or under the control of the defendant, and since the other parts of the house were commonly shared, we are of the opinion that the description of the premises to be searched was adequate. The decisions cited by defendant in support of his argument are either distinguished or not applicable to the facts in the instant case.

■ In dealing with his next contention we need only point out that the affiant, Oitas Seigler was on the premises when the defendant brought the stolen items into the dwelling, actually observed the items, reported his findings to the police and presented testimony under oath regarding the preceding events. We find no merit in the defendant's argument that the affidavit was constitutionally insufficient. The affidavit in the instant case was not based on the tip of an undisclosed informant but rather on specified factual information presented under oath by the affiant, Mr. Seigler.[2] The proposition is without merit. See, *Luker v. State*, 504 P.2d 1238 (Okl.Cr. 1973).

■ Lastly, the defendant contends that the magistrate erroneously directed that the search warrant could be served at night. In support thereof he argues that no proper showing was made pursuant to 22 O.S.1971, § 1230, that the property would be moved, destroyed or secreted away.[3] In pertinent part, the affidavit supporting the search warrant provided that Tony Panther had a source for getting rid of stolen property and also that he had trouble with the people that were living at the house. Upon these facts the affiant stated that the property might be disposed of quickly. Based thereon, the magistrate directed that the search warrant could be served any time of the day or night. The search warrant was served at approximately 10:30 p.m.

The testimony of Mr. Seigler indicated that the defendant had sources available with whom he could deal in disposing of

---

2. On 6–2–80, Oitas Seigler came to the Lawton Police station and gave the following information. Seigler stated that he knew who committed the burglary of the residence at 416 sw [sic] 9th street in Lawton Oklahoma. Seigler advised that he lived at 704 sw [sic] E avenue in Lawton and that one Tony Panther also lives there. Seigler stated that he moved from this residence on 6–1–80.

Seigler stated that while he lived there Tony Panther told him about some stolen property that he had at this residence, to wit: a portable black and white television, a stereo system, a radio with a broken knob, two poloroid [sic] cameras, and record albums. Seigler advised that Tony Panther told him that it was stolen property.

Seigler advised that he was at the Caprice lounge the day after the burglary and listened to an Indian female by the name of Ina and that she adived [sic] that she had been burglarized and the items that Tony Panther had told him was stolen were in fact the same items that Ina said was taken from her residence.

That Seigler saw these named items in the residence located at 704 sw [sic] E on 6–1–80

and that before he came down to the police station he went by the residenc [sic] of Ina, which is 416 sw [sic] 9th, and brought this information to the police station.

Seigler went on further to say that he helped carry the two Poloroid [sic] cameras into the residence located at 704 sw [sic] E in Lawton Oklahoma.

Seigler also advised that Tony Panther has a source for getting rid of stolen property and also that he had trouble with the people that are living there presently. Due to these facts Seigler feels that said property might be disposed of quickly.

3. Section 1230 states:

The judge shall insert a direction in the warrant that it be served in the daytime, unless the affidavits be positive that the property is on the person, or in the place to be searched, and the judge finds that there is likelihood that the property named in the search warrant will be destroyed, moved or concealed. In which case the judge may insert a direction that it be served at anytime of the day or night.

stolen property and that defendant was having difficulty with people at the "house." Since the affiant indicated that the stolen property might be disposed of quickly, we see no abuse of discretion by the magistrate in directing the search warrant to be served day or night.

Accordingly, the judgment and sentence for Concealing Stolen Property, After Former Conviction of a Felony is AFFIRMED.