**Douglas LeRoy McGOWAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–490.**

Court of Criminal Appeals of Oklahoma.

May 9, 1983.

Jim H. Heslet, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant Douglas LeRoy McGowan, was convicted of Possession of Marijuana with Intent to Distribute pursuant to 63 O.S.Supp.1975, § 2–401(B)(2) now amended as 63 O.S.1981, § 2–401 in Tulsa County District Court, Case No. CRF–80–0819. He was sentenced to eight years' imprisonment and appeals.

On March 13, 1980, three Tulsa police officers and several detectives approached the residence of the appellant with a search warrant for narcotics and dangerous drugs. Officers York and Demier knocked on the door and identified themselves. After waiting several seconds Officer York forcibly opened the door and observed the appellant pointing a rifle at them. The officers apprehended the appellant, served him the signed copy of the district court search warrant, and advised him of his Miranda rights. A search of the apartment revealed a Triple Beam Balance, a dictionary with marijuana leaf markings between the pages, numerous boxes of plastic baggies and nine plastic bags containing marijuana in various quantities of approximately one pound to a gram and a half.

■ The appellant first complains that the trial court erred in overruling his motion to quash the search warrant and suppress the evidence seized as a result of it. He argues that the warrant was unconstitutional because it was not served during daylight hours. However, the search warrant was in complete compliance with the Oklahoma Statutes, 22 O.S.1981, § 1230 which states that when the property is on the person or in the place to be searched it may be searched at any time of the day or night. Furthermore, this evidence was subject to likely destruction, and subject to being moved or concealed, therefore no error occurred.

■ It is also argued that because the warrant form contained the printed words "concealed by the above named defendants, or by other persons in whose possession he has placed it, for the purpose of concealment, at or upon, or within a certain vehicle and/or house, building, or premises, the curtilage thereof and the appurtenances thereunto, etc." the warrant created a general warrant. However, the language filled in on the warrant form limited the discretion of the officers to search for items described in the affidavit at a specifically stated address. Therefore, this was not a general warrant. See *Andreson v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).

For his second proposition of error, the appellant complains of statements made by the State's attorney concerning the search warrant served on the appellant's apartment and statements made by Officer York concerning the fact that the appellant pointed a rifle at him. It is alleged that these statements constituted evidence of other crimes and evidentiary harpoons.

■ No objections were made to Officer York's testimony describing the appellant's pointing a gun at him when he attempted to serve the warrant. For this reason, and because no prejudice is apparent from the sentence imposed, we find no error occurred.

■ As for Sergeant York's statement: "We were going there to serve a District Court search warrant for narcotics and dangerous drugs," we do not find this statement sufficiently meets the requirements of being an evidentiary harpoon because: (1) it was not voluntary, but was a direct response to a question by the prosecutor; (2) it was not specifically calculated to prejudice the appellant but, rather was to explain why he had gone to the appellant's house, and (3) due to the overwhelming

evidence of guilt it did not, in fact, prejudice the appellant. *Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980).

Finally, the appellant alleges that improper remarks were made by the prosecutor during closing arguments. He claims that because he was assessed more than the minimum penalty, he was prejudiced. He fails to cite specifically those remarks complained of. After reviewing the closing arguments we do not find they were so improper as to merit any modification in the sentence. *Chaney v. State,* 612 P.2d 269 (Okl.Cr.1980).

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., and CORNISH, J., concur.