## MITCHELL v. OKLAHOMA COTTON GROWERS ASS'N.

No. 15349—Opinion Filed April 14, 1925.

(Syllabus.)

**1. Finding Lost Goods—Baled Cotton Deposited by Flood—Landowner as Bailee.**

Cotton stored on the compress platform, near a river, which is carried away by an unprecedented flood and deposited a mile and one-half below the compress, said cotton being marked and easily identified, and pursued by the owners and insurers thereof, is not, under the law, lost property; of cotton so deposited on the premises of a riparian owner, the owner of said premises becomes the involuntary bailee.

**2. Same—Rewards for Recovery—Rights of Landowner as Against Trespassers.**

A., B., and C. enter upon the land of D. and remove cotton deposited or lodged in a drift on the lands of D. for the purpose of receiving a reward for the return of said cotton; held, A., B., and C. are trespassers, and acquire no rights as against D. by said trespass.

Error from District Court, Oklahoma County; O. L. Price, Judge.

Action by the Oklahoma Cotton Growers Association and others against W. O. Mitchell and others. From judgment in favor of certain other defendants, Mitchell brings error. Reversed and remanded, with directions.

W. O. Mitchell, for plaintiff in error.

Hayson & Lukenbill and Anglea & Crabb, for defendants in error.

CLARK, J. This suit was instituted in the district court of Oklahoma county on the 25th day of October, 1923, by the Oklahoma Cotton Growers Association et al. against W. O. Mitchell et al.

The petition of the plaintiffs in the lower court alleged, in substance, that they were the owners and insurers of 1,724 bales of lint cotton, which had been previously located on the platform of the Traders Compress Company in Oklahoma City; that on the 16th day of October, 1923, and a long time prior thereto, heavy rains had fallen along the source of the North Canadian river, extending from the west to the east and along and through Oklahoma City and the vicinity of the Traders Compress Company, located east of Oklahoma City; that on the 16th day of October, 1923, by reason of said rains said river was swollen and was in a flooded condition, and at said

time said river overflowed the banks, flooding the surrounding territory and particularly the property of the Traders Compress Company; that 763 bales of said lint cotton were carried down the river by force of the current of said water; and that said 763 bales of lint cotton are now scattered along the banks of the North Canadian river from the location of said compress east.

The petition further alleges that a part of said cotton is located upon the premises owned by W. O. Mitchell, that a part of said cotton is located upon the premises owned and under the control of D. A. De-Tar, and that a part is upon the premises owned and controlled by F. T. Thompson, and a part upon the premises owned and controlled by W. S. Alford, and a part upon the premises owned and controlled by J. B. Dixon, and a part of said cotton is on the premises of persons unknown to plaintiffs, who are referred to herein as John Doe and Richard Roe.

Plaintiff's petition further alleged that said 763 bales of lint cotton was of the reasonable value of $106,820 at the time it was carried down said river; that plaintiffs are unable to state the present value of said cotton, but are of the opinion and allege that said 763 bales are worth approximately $50,000. Plaintiffs further allege that it was impossible for plaintiffs to allege the exact location of the particular bales of cotton which belonged to any particular plaintiff, but alleged that each and all of the plaintiffs had an interest in said cotton and that the specific ownership of each bale could not be ascertained and determined unless said cotton was collected together in a convenient place for inspection.

Plaintiffs further state that the defendants and each of them, riparian owners along and upon the North Canadian river east of Oklahoma City, have upon their premises and in their possession and under their control large quantities of cotton, same being a part of the 763 bales of lint cotton above described; and that prior to the institution of this suit said defendants and each of them claimed an interest in said cotton, by reason of the same being upon their said premises, and in order that their claims may be determined, said defendants are made parties to this action; and that in order that the rights of the parties may be determined and a multiplicity of suits avoided, this action is instituted, and plaintiffs allege and state that said defendants and each of them, other than the Traders Compress Company, have no right, title or interest in or to said cotton, or any part thereof.

Plaintiffs further allege that it is necessary for the preservation of said property that a receiver be appointed to take charge of said property and locate the same in order that the same may be identified by the several owners thereof.

The court thereupon appointed Norman Nelson of Oklahoma City receiver, with full power and authority to take immediate possession of the 763 bales of lint cotton described in plaintiffs' petition.

The defendant W. O. Mitchell filed an answer to the petition of plaintiffs and cross-petition against his codefendants D. A. DeTar, S. W. Alford, J. B. Dixon and C. M. Fleck, in the nature of trover, trespass, and conversion, asking that the receiver be restrained from paying any part of the reward offered for the return of the cotton to his codefendants, and that the same be awarded to him for 90 bales of cotton which his codefendants DeTar, Alford, Dixon, and Fleck had wrongfully taken from his premises and possession by trespass and force of arms.

DeTar filed his separate answer to Mitchell's cross-petition, in which he denied the taking of any cotton from Mitchell's land. Alford, Dixon, and Fleck filed a general denial, and then admitted they had gone onto Mitchell's land and tied up 77 bales of cotton; and further alleged that Mitchell had taken the actual possession of the said 77 bales of cotton and delivered them to the cotton company. Afterwards, by amendments, DeTar, Alford, Dixon, and Fleck admitted they had entered into a contract to go upon Mitchell's land and remove the cotton claimed to have been tied up by Alford, Dixon, and Fleck on a fifty-fifty basis.

The defendant W. O. Mitchell filed a reply to the answer of his codefendants in the form of a general denial.

The record discloses that the plaintiffs in the court below had offered a reward of $10 per bale for each bale of said cotton delivered to the railroad at or near the river. And at the trial of this cause this case was narrowed down to the proposition as to who was entitled to the reward offered by plaintiffs in the court below for the delivery of said cotton.

The record discloses that a considerable portion of the cotton floated out and lodged upon the land of Mitchell, DeTar, and Thompson and other landowners along said river.

The record discloses that at the trial of said cause all of said claims were settled

except the claim for reward for 77 bales of cotton alleged to have lodged against a drift or timber on Mitchell's land. The reward for 77 bales of cotton, or $770, is all that is in controversy here.

It is the contention of the defendants in error Alford, Dixon, and Fleck that they entered upon the lands of plaintiff in error, W. O. Mitchell, and secured said cotton by tying the same to the trees and drift.

It is admitted by all parties that said defendants went upon said land without the consent of plaintiff in error, W. O. Mitchell.

The record further discloses that after the water had gone down and the cotton was resting upon the lands of W. O. Mitchell, the defendants in error W. S. Alford, J. B. Dixon, and C. M. Fleck entered upon the lands of W. O. Mitchell, put said cotton in the river, and floated it down to a jam placed in the river by D. A. DeTar; being caught by DeTar, the same was delivered to the owners and the reward claimed.

The court in rendering judgment did not make a complete finding of facts, but rendered judgment awarding to the defendants DeTar, Dixon, Alford, and Fleck $600 reward for 60 bales of cotton, which had been floated down the river from Mitchell's land to DeTar's jam, and a further judgment awarding $170 of the reward for 17 bales of cotton delivered by Mitchell to the receiver, which cotton the defendants Alford, Dixon, and Fleck claimed to have tied up on Mitchell's premises.

It is the contention of the plaintiff in error that said cotton was deposited on his premises with the crest of said flood and that the same was secure, and as the water receded the cotton would have remained there indefinitely until removed, and that by the reason of said cotton being deposited on said premises he was entitled to the possession, and his codefendants were trespassers and could acquire no rights by trespassing upon his premises.

Plaintiff in error further contends that the cotton was not lost property, and that he became bailee of said property and had a right to its possession.

It is the contention of the defendants in error that this was lost property and comes under the rule that the finder of lost property is entitled to it as against all the world except the real owner, and that ordinarily the place where it is found does not make any difference.

With this contention we cannot agree, for the reason the record discloses that Mitchell's premises were about one and one-half miles from the compress where the cotton was stored. The record further discloses that the owner of said cotton knew that a part of said cotton was deposited on the premises of Mitchell.

Property is usually considered lost in a legal sense when the possession has been casually and involuntarily parted with, as in the case of an article accidentally dropped by the owner.

The court in rendering his judgment below undoubtedly decided this cause on the theory that said cotton was lost property, and applying the rule of lost property to the same, found that said defendants in error had a superior right to the possession of said cotton.

In this we cannot agree, for the reason that the plaintiff in error, Mitchell, after the cotton was deposited on his premises and lodged there by the action of the river, had the right of possession of the same against the whole world except the true owners, and he would be entitled to any benefit or reward offered by owners or insurers of said cotton.

Section 5181, Comp. St. 1921, provides:

"A bailment may be voluntary or involuntary; and for safe-keeping or exchange."

Section 5183, Comp. St. 1921, defines involuntary bailment as follows:

"First. By the accidental leaving or placing of personal property in the possession of any person, without negligence on the part of its owner; or,

"Second. In cases of fire, shipwreck, inundation, insurrection, riot, or like extraordinary emergencies, by the owner of personal property committing it, out of necessity, to the care of any person."

Under this section of the Oklahoma Statutes Mitchell was involuntary bailee of said cotton so deposited on his land and had the right of possession of the same.

The defendants DeTar, Alford, Dixon, and Fleck were trespassers upon the premises of the plaintiff in error at the time they put into the river and removed from said premises 60 bales of said cotton, and could acquire no rights by said trespass.

It is contended by defendants in error that this cotton was not resting on Mitchell's land, but resting upon the waters, and therefore, Mitchell did not acquire the right of possession of the cotton.

In the case of Jabez Rogers v. D .W. Judd, 5 Vt. 220, the court said:

"A. acquires no property in wood ànd timber by their floating in the water over his land. But A. has an exclusive right to seize wood and timber, floating and moving in an eddy, over his land; and to convert such wood, and timber to his own use; unless the owner in a reasonable time claims the same.

"If B., who is not the owner, seize wood and timber, floating in an eddy, over the land of A., this is more than a trespass upon the freehold; it is a violation of A.'s exclusive right to seize the wood and timber himself; and in an action of trespass for this injury, the plaintiff should recover the value of his chance to seize and enjoy the wood and timber, which chance he had lost by the seizure made by B."

We, therefore, conclude, while Mitchell, the owner of the land, acquired no title to the cotton floating over his land, or deposited thereon, he did have exclusive right of possession and could convert it to his own use unless the owner in a reasonable time claimed the same.

The record discloses the judgment of the trial court is clearly against the weight of the evidence. We are, therefore, of the opinion that the reward offered for the 77 bales of cotton in controversy should be paid to the plaintiff in error, W. O. Mitchell; and the trial court erred in not so holding.

The judgment of the trial court is, therefore, reversed and remanded, with directions to enter judgment for the plaintiff in error, W. O. Mitchell, in the sum of $770.

NICHOLSON, C. J., and BRANSON, HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 25 C. J. p. 1135. § 1: anno. 37 L. R. A. p. 117; 1 L. R. A, (N. S.) p. 477; 8 L. R. A. (N. S.) p. 95; 35 L. R. A. (N. S.) 970; L. R. A. 1916A, p. 660; 6 B. R. C. 264; 17 R. C. L. p. 1205. (2) 25 C. J. p. 1138 § 5.