## SANDY KEITH v. STATE.

No. A-10894.   Sept. 15, 1948.

(197 P. 2d 635.)

Kirksey Nix and Tom G. Haile, both of McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred W. Whetsel, County Atty., Pittsburg County, of McAlester, for defendant in error.

BAREFOOT, P. J.   Defendant, Sandy Keith, was charged in the county court of Pittsburg county with the offense of driving an automobile while under the influ-

ence of intoxicating liquor; was tried, convicted, and sentenced to pay a fine of $50, and has appealed.

At the time this case was assigned for oral argument and submission in this court, no appearance was made by the defendant, and no brief has been filed, either by the defendant or the state.

Rule 9 of this court provides:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court and the exceptions taken thereto, and the judgment and sentence and if no prejudicial error appears will affirm the judgment."

In compliance with the above rule, we have examined the record in this case.

In the petition in error, defendant contends that the court erred in overruling his motion for continuance "based upon the testimony of absent witnesses, * * * and also based upon the absence of co-counsel."

This contention cannot be sustained, for the reason that this was a matter for the sound discretion of the trial court, and the action of the court will not be set aside unless there was an abuse of discretion. From the facts revealed by the record, there was no abuse of discretion in overruling this motion. The motion was not filed until the case was called for trial, and there was no showing of diligence, as required by statute. The refusal to sustain the motion by reason of the absence of one of defendant's counsel was not an abuse of discretion, under the facts here presented.

As to the sufficiency of the evidence to sustain the judgment and sentence, the question of whether or not the defendant was under the influence of intoxicating liquor at the time of arrest was a disputed one.

Two members of the State Highway Patrol testified that they saw a car, driven by defendant, leaving a "beer joint" near Alderson, and start toward McAlester at a rapid rate of speed. They were unable to overtake the car until they reached McAlester, and defendant stopped. They both testified that defendant was drunk at the time he was taken from the car, that he staggered, and that his speech was such as to definitely show that he was under the influence of intoxicating liquor. He was arrested between midnight and 1 o'clock in the morning. There was another man in the automobile with defendant.

Defendant testified that he was not intoxicated, and had drunk only one bottle of beer, about 6 o'clock in the afternoon, and long prior to the time of his arrest. Defendant produced a number of witnesses who testified to the good character of defendant as an honest, law-abiding citizen; and a number who had seen defendant prior to his arrest and testified that in their opinion he was not drunk or under the influence of intoxicating liquor. The man who was riding in the car with him testified that he was not drunk. The evidence revealed that defendant had visited other beer taverns in and near McAlester earlier in the evening.

It will thus be noted that there was a direct conflict in the evidence of the state and the defendant. This, of course, was a question of fact for the jury to decide, and they found the defendant guilty. A verdict of the jury will not be set aside where the evidence of the state is sufficient to sustain the judgment and sentence.

47 O. S. 1941 § 92, under which defendant was charged, provides that the first offense of driving a motor vehicle while under the influence of intoxicating liquor

shall be a misdemeanor punishable by imprisonment in the county jail for a period of not to exceed one year, or by a fine of not more than $500, or by both such fine and imprisonment. The second offense is made a felony under the statute. This defendant was charged as a first offender, and tried for the commission of a misdemeanor. In assessing his punishment at only a fine of $50, the jury no doubt took into consideration the fact that defendant had offered evidence of good character.

We have examined the information and the instructions of the court. They presented in a fair manner all of the issues in the case. We find that the defendant had a fair and impartial trial.

For the reasons above stated, the judgment of the county court of Pittsburg county is affirmed.

JONES and BRETT, JJ., concur.