## WILSON v. STATE.

No. A-10989.   Nov. 16, 1949.

(212 P. 2d 172.)

Harland A. Carter and E. M. Carter, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. Landes Wilson was charged in the district court of Okmulgee county with the crime of murder. The case was transferred to the superior court where he was tried, convicted and given a life sentence, and he has appealed.

The information was filed in the district court on February 20, 1947, and defendant arraigned February 25th. He entered a plea of not guilty, and his case was assigned for trial for March 17, 1947. On March 3rd he made application for permission to take depositions outside of the state, and for continuance. The case was stricken from the assignment, and on April 13, 1947, the judge of the district court made an order transferring the case to the superior court, for the reason that a term of criminal court would probably be held in the superior court before another docket in the district court, and transferring said case "would expedite public business and better serve the ends of justice." Neither the defendant nor his attorney was present at the time this order was entered, but a copy of the order was mailed to the attorney for defendant. On April 19th defendant filed a motion in the district court to vacate the order transfer-

ring the case to the superior court. A hearing was held on this motion, and it was denied. The case was assigned for trial in the superior court for June 9th, at which time defendant moved for a continuance, and to have the case transferred back to the district court. The motion was overruled, and the trial proceeded.

Defendant's first contention for reversal of the case is that the district court erred in refusing to set aside his order transferring said cause to the superior court.

Tit. 20 O.S.A. § 242 gives the superior court of Okmulgee county concurrent jurisdiction in all matters, both civil and criminal, with the district court; and section 253 of such Title provides:

"The District Court or judge thereof, in said county may, in his discretion, at any time transfer any cause pending and undetermined therein to the Superior Court of said county. * * *"

There is nothing in the statute which requires notice to be given to a defendant, or his counsel, prior to making the order.

Attention has been called to Tit. 22 O.S.A. § 583, which provides that in a felony case, the defendant must be personally present at every stage of the trial.

In the early case of Ward v. Territory, 8 Okla. 12, 56 P. 704, the syllabus, after quoting the section of the statute here under consideration, Tit. 22 O.S.A. § 583, reads:

"* * * only mean that the defendant shall be present in court from the beginning of the impaneling of the jury until the reception of the verdict, the recording of the same, and the discharge of the jury; and the word 'trial', as used in section 5147 (Tit. 22 O.S.A. § 583), has no reference to a hearing on a motion for a new trial, or

a hearing on a motion in arrest of judgment, and it is not necessary, even in a felony trial, for the defendant to be present in court when either of these motions is being heard or a ruling made thereon, because a hearing on such motions constitutes no part of the trial."

The opinion in that case is a long one, in which Judge Burwell discusses this question fully.

In the case of Philips v. State, 10 Okla. Cr. 353, 136 P. 776, 777, Judge Furman, in referring to this statute, said:

"It only requires the presence of a defendant in a felony case at the trial upon which the question of his guilt or innocence of the crime charged is determined by the jury. It does not require the presence of a defendant at any hearing in which the question of guilt is not directly passed upon."

See, also, Hogan v. State, 42 Okla. Cr. 188, 275 P. 355; Rigsby v. State, 55 Okla. Cr. 61, 24 P. 2d 1016, and cases cited in these opinions.

It is our opinion that the court did not err in overruling defendant's motion to set aside its order transferring this case to the superior court.

Defendant's next contention is that the verdict of the jury is not supported by the evidence, is contrary to both the law and the evidence, and not supported by either.

At the trial of the case, the killing of Geraldine Wilson was admitted by defendant, and no evidence was offered or contention made that the homicide was excusable or justified, but the sole defense was that of insanity.

The evidence indicates that the defendant and his wife, prior to their last fatal meeting, had differences and were separated. The defendant had disposed of their

furniture, and at his instance a meeting had been arranged to take place at Simon's Bar, on Fifth street, Okmulgee, for a division of the money. The defendant gave his wife her share of the proceeds from the sale of their furniture, but the deceased was afraid of her husband, but was reassured by the defendant that he would not harm her. He gave her a long-handled knife and submitted himself for search for other weapons, assuring his wife that he had none. The wife's sister-in-law, Essie Armstrong, had accompanied her for the meeting with the defendant. The defendant persuaded his wife and Essie to go to Jack's Bar with him. This was around 8 p. m. There were many other people at the bar. The evidence does not show just how the defendant, his wife and Essie spent their time while there, but they remained at the bar until about 10:45 p. m., when defendant, in the presence of Essie, embraced his wife, and Essie turned, and at that moment defendant shot his wife, using a small calibre automatic weapon, the bullet passing entirely through her body and finally lodging in Essie's back. The wife ran out one door of the tavern and the defendant ran out another door and went around the building, came upon his wife, and shot her twice more. This, in substance, is the evidence that the jury had for consideration, except the testimony of expert witnesses as to the sanity of the defendant.

Under the evidence of the state, the defendant was sane. Under the evidence of the witnesses for defendant, he was unable to know right from wrong at the time of the alleged commission of the crime. This was a question of fact for the jury. The issue of insanity at the time of the alleged commission of the crime was properly presented to the jury. No exceptions were taken to any of the instructions upon this, or any other issue. From

the evidence the jury formed its opinion that the defendant was sane at the time of the commission of the homicide, and such finding should be binding upon an appellate court. Bingham v. State, 82 Okla. Cr. 5, 165 P. 2d 646; Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646.

The defendant's final contention is error of the court in permitting the county attorney in his closing remarks to the jury, over the objection of defendant, to make statements prejudicial to the defendant.

The record does not contain the full argument of the attorneys in connection with this assignment of error. The record shows only the following.

"Thereupon the court read to the jury written instructions as to the law governing said cause; thereupon said cause was argued to the jury by counsel; the reporter was not requested to take the arguments, but was recalled to take the following objections:

"(1) Mr. Harland A. Carter: Comes now the defendant, and objects to argument of the county attorney that certain men that he was associated with in the Armed Services 'were probably now drawing pensions as phychoses and running around loose.'

"County Attorney: It is in rebuttal to statement by counsel for the defendant that 'It is silly that a man would fake insanity to keep from going overseas.'

"The Court: Objection overruled.

"Mr. Carter: Exception.

"(2) Mr. Carter did not state to what words he objected, therefore they are not here set out:

"Mr. Carter: We object to the argument, for the reason that it is not within the evidence in this case, and not within the law as laid down by the court in his instructions.

"Judge: Overruled.

"Mr. Carter: Exceptions."

In Ussaery v. State, 22 Okla. Cr. 397, 212 P. 137, this court held:

"When the entire argument on both sides is not before the court, and the county attorney contends that his argument is in reply to argument advanced by defendant's counsel, and the trial judge overrules the objection to such argument, this court will not pass on the alleged error, unless the argument complained of constitutes a violation of some constitutional or statutory right of the defendant. Under such circumstance the presumption will be indulged on appeal that the trial judge ruled that such argument was permissible as reply argument, as the burden is upon the appellant to affirmatively show error in the ruling of the trial court."

This case has been quoted and followed in a number of later cases: Wilson v. State, 24 Okla. Cr. 332, 217 P. 885; Sanders v. State, 46 Okla. Cr. 298, 287 P. 842; McDonald v. State, 59 Okla. Cr. 318, 58 P. 2d 345; Chesser v. State, 63 Okla. Cr. 84, 73 P. 2d 191; Hunsaker v. State, 81 Okla. Cr. 321, 164 P. 2d 404; Bingham v. State, supra.

In his motion for new trial, defendant sets out statements made by the county attorney in his argument to the jury, with the statement that they were "taken down by the court reporter", but such statements do not appear in the trial proceedings.

It would have been better if the entire argument of the prosecutor had been incorporated in the record. This court, then, could have known exactly what was said in the argument and how the statements purportedly made by the prosecutor fitted in with the balance of his argument, and the argument of counsel for defendant. It

is difficult for an appellate court to look at one or two isolated statements plucked from an argument and say that such statements by themselves are so prejudicial as to cause a reversal. Enough must appear in the record to enable the court to determine from an examination of the entire argument whether the particular statement complained of is prejudicial and improper. The arguments should not be presented in such a way as to confuse the jury as to what is argument of the attorneys, and what is evidence for their consideration. For this reason, we have held that it is improper for the county attorney to state his personal opinion as to defendant's guilt.

In view of the record in this case, we are of the opinion that the jury was not unduly prejudiced in their verdict by reason of the closing argument of the county attorney.

In his conclusion, counsel for defendant states:

"We cannot understand how they (the jury) fixed the penalty they did, unless they had grave doubts of the sanity of the defendant at the time he killed his wife."

We think this is not hard to understand. The penalty fixed by the jury was no doubt a tribute to the zeal and ability of defendant's counsel, and the fact that defendant had been in the Armed Forces of his Government.

The judgment of the superior court of Okmulgee county is affirmed.

JONES, P. J., and BRETT, J., concur.