### BUSH v. STATE.

No. A-11099. May 10, 1950.

(218 P. 2d 386.)

David C. Shapard and Lee Williams, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.  The defendant, L. B. Bush, was charged by an information filed in the district court of Oklahoma county, with the crime of embezzlement; was tried, convicted, and by the court sentenced to serve two and one-half years in the State Penitentiary, and has appealed.

The plaintiff in error, hereinafter referred to as defendant, for reversal, contends that his demurrer to the evidence should have been sustained, as insufficient, and that the instructions were not sufficient and proper under the testimony.

We have carefully examined the record covering the testimony of the witnesses for both the prosecution and for the defendant.

It was brought out by the evidence that the complaining witness, Mrs. Juanita Taylor, was interested in purchasing some real estate located in Oklahoma City, and which the defendant had advertised for sale. The owner, Dave Syber, testified that he never at any time had any personal dealings with the defendant, or authorized anyone to advertise his property for sale, though he personally had a sign in front of his property offering it for sale. He admitted that a Mr. Hall, who it later developed worked for Bush, had made inquiries about the place being for sale, and asked permission of Syber to show the place to a prospective purchaser, and he brought Mrs. Taylor to see the place, but that Syber and his wife decided not to sell, and refused to sign the contract that Hall presented, and wherein L. B. Bush, or the Bush Exchange and Real Estate Company, was to handle the sale.

The evidence further showed that Mrs. Taylor deposited in trust with the defendant, Bush, the sum of $200 as a down payment on the purchase price of said property, but to be forfeited if Mrs. Taylor refused to go through with the purchase. The defendant claimed that Mrs. Taylor decided not to buy the property, but her testimony was that she was at all times ready, able and willing to go through with the purchase, but that the owners disclaimed any dealings with Bush, and had refused to sign any agreement with Hall, acting for Bush, and that said owners would not execute a deed, and that no deed had ever been tendered to her. Mrs. Taylor testified that Bush refused to return her money, although she demanded it a number of times.

While the record does not indicate that defendant sought to hold Mr. Syber, the owner, liable for the payment of a commission, or contested Mrs. Taylor's suit

to recover the $200 deposit, as argued by the Attorney General, counsel for defendant have filed a reply brief attached to which are certified copies of the court clerk's minutes in case No. 8814 in the court of common pleas of Oklahoma county, Bush v. Syber, by which it appears that the defendant did sue Syber for a commission. The outcome is not shown. Also, in case No. 8881, in the same court, in Taylor v. Bush, it appears that the defendant did contest the suit and that Mrs. Taylor obtained judgment against the defendant on October 16, 1946, and the judgment was by the defendant paid on November 20, 1947, after the charge herein was filed on October 16, 1947. The fact of payment after the charge was filed may not be considered, and such evidence would have been inadmissible in the trial court, it being provided by Tit. 21 O.S.A. § 1461:

"Whenever it is made to appear that prior to any information laid before a magistrate charging the commission of embezzlement, the person accused voluntarily and actually restored or tendered restoration of the property alleged to have been embezzled, or any part thereof, such is not a ground of defense to the indictment, but it authorizes the court to mitigate punishment in its discretion."

See, also, Fulkerson v. State, 17 Okla. Cr. 103, 189 P. 1092.

But defendant argues that the fact of the judgment "does not add to any criminal guilt which is based on the facts at the time and the intent of the defendant at that time." It was a circumstance that the jury no doubt considered along with the evidence of adverse character witnesses (the defendant having voluntarily brought his character in issue), in indicating bad faith on the part of the defendant in his method of obtaining and handling Mrs. Taylor's funds. If Syber had ever signed the

contract, even though the contract was tricky and unfair, in holding Mrs. Taylor liable for a commission, yet it would have been a completed contract between purchaser and seller and whereby either became liable for payment of a broker's commission. But the contract was never completed. The money was delivered to defendant for the down payment on a home. Defendant claimed that Mr. Syber and Mrs. Taylor came to a mutual understanding to call the sale off. The jury considered this contention.

Counsel for defendant say:

"The statute very clearly provides that if title to the money is claimed openly in good faith, it is a defense even though such claim is untenable", citing Tit. 21 O. S. A. § 1459, which reads: "Upon any prosecution for embezzlement it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith even though such claim is untenable. But this provision shall not excuse the retention of the property of another, to offset or pay any demand held against him."

The above statute was construed by this court in the case of Choate v. State, 12 Okla. Cr. 560, 160 P. 34, 36, L.R.A. 1917A, 1287, wherein the defendant in that case relied upon the first part of said section and claimed that "he appropriated the money in good faith, believing that the ward was indebted to him in this amount or more" This court said:

"A claim that one charged with embezzlement appropriated the funds alleged to have been embezzled in good faith, believing the owner of the funds was indebted to him in the amount appropriated or more, is under our statute, no excuse or defense whatever. And to all intents and purposes such a claim made in open court would amount to a plea of guilty."

It is apparent that the instrument never ripened into an enforceable contract. The negotiations of the defendant through his agent Hall with Syber failed, and the jury decided that the failure was through no fault of Mrs. Taylor. There is ample evidence to justify this conclusion. The funds deposited with the defendant in trust for the specific purpose of application on the purchase price should have been returned to Mrs. Taylor by the defendant.

The issues were fairly submitted to the jury, and we find no prejudicial error in the record. The instructions fairly presented the issues, and no exceptions were reserved, and no additional or different instructions were requested. This court has uniformly held in considering the sufficiency of the evidence, that the function of the Criminal Court of Appeals is limited to ascertaining whether there is a basis in evidence on which the jury could reasonably conclude that the defendant was guilty as charged. See: Keith v. State, 87 Okla. Cr. 310, 197 P. 2d 635; Glascow v. State, 88 Okla. Cr. 279, 202 P. 2d 999; Wilson v. State, 90 Okla. Cr. 180, 212 P. 2d 172; Bourns v. State, 57 Okla. Cr. 377, 48 P. 2d 353.

We find that the defendant had a fair and impartial trial, but considering the nature of the case, and the evidence as a whole, it is the opinion of this court that the judgment should be modified to one year in the penitentiary, and as so modified, the judgment of the district court of Oklahoma county is affirmed.

JONES, P. J., and BRETT, J., concur.