Paul Handy NUNLEY, Appellant,

v.

The STATE of Oklahoma.

No. F–80–508.

Court of Criminal Appeals of Oklahoma.

March 21, 1983.

Jack D. Fisher, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Paul Handy Nunley was tried for the crime of Murder in the First Degree, in violation of 21 O.S.1981, § 701.7, in Case No. CRF–79–2282, in the District Court of Oklahoma County before the Honorable Jack R. Parr. The appellant was represented by counsel. The jury returned a verdict of guilty of Murder in the Second Degree, and set punishment at life imprisonment. The trial court sentenced the appellant in accordance with the verdict. From this judgment and sentence, the appellant has appealed to this Court.

On June 10, 1979, Mrs. Mauldin and her three children left their home at approximately 9:00 p.m. to visit a neighbor. The decedent, husband of Mrs. Mauldin, remained home playing solitaire in the kitchen. On the way to the neighbor's home, one of Mrs. Mauldin's children noticed a car in front of their house. At trial, the daughter identified the appellant as the man she saw in the car. At approximately 9:30 p.m., Mrs. Mauldin and her children returned home. The decedent's body was discovered on the kitchen floor in a prone position; the house had been ransacked. The coroner's report revealed that the cause of Mr. Mauldin's death was manual strangulation.

The following day, Oklahoma City Police Officers' Koonce and Harrison interviewed neighbors of the deceased, where it was learned that Mrs. Mauldin was having an affair with a neighbor, Lee McIntre. On June 12, 1979, Mrs. Mauldin went to the police station pursuant to a request by Officer Koonce and confessed to her part in the scheme to kill her husband. She also implicated her paramour, Lee McIntre and a black man. Mrs. Mauldin was able to give a description of the black man and the car that he drove, but she did not know his name.

Mrs. Mauldin told the police that she had wanted to kill her husband for a long time, and in fact, had tried to kill him twice. When those attempts failed, she contacted Mr. McIntre about finding someone to kill her husband for money. Mr. McIntre told the police in an unsigned confession that he contacted the appellant about the contract, and he gave the appellant Mrs. Mauldin's phone number.

In Mrs. Mauldin's confession, she stated that someone called her about the contract killing shortly before the homicide. She met with the caller, and they agreed that on Sunday, June 10, 1979, between 9:00 p.m. and 9:30 p.m., Mrs. Mauldin and her children would be gone from the house, so the

caller could kill her husband. Two days after Mrs. Mauldin's confession, the appellant was arrested.

On appeal the appellant asserts several propositions of error concerning the warrantless search of the house where he was staying and the seizure of an address book which was used against him at trial. We have reviewed each of these assertions and have found no errors.

Officer Koonce testified that Zephyr Roblow gave her consent to search the house where the address book containing Deloris Mauldin's name and number was discovered. The testimony indicated that Ms. Roblow apparently paid the bills for the house and the appellant jointly occupied the house with her "off and on." The appellant was staying at the house at the time of the warrantless search and claims on appeal that the search was unreasonable and the officer's testimony regarding Ms. Roblow's consent was hearsay.

Initially, we will deal with the hearsay issue. It is the appellant's position that both the testimony that Ms. Roblow gave consent to search and the search waiver form constitute hearsay. The trial judge overruled the appellant's objection at trial and we agree with his decision.

■ The hearsay rule is only applicable when an out of court statement is offered to prove the truth of the matter asserted. When a statement is relevant simply because it was made, it is not hearsay and not excludable from testimony. In the case at bar, the officer merely testified to what he heard and observed when Ms. Roblow gave consent and signed the form. Both gave him authority to conduct a search. He was not seeking to prove the truth of her statements, and thus, his testimony was not hearsay.

■ Although the rule is that warrantless searches are per se unreasonable, an exception to that rule is when the search is preceded by free and voluntary consent. See *Burkham v. State,* 538 P.2d 1121 (Okl. Cr.1975). When two persons, in this case Ms. Roblow and the appellant, possess common authority over or other sufficient relationship to the premises or effects sought to be inspected, either of them is capable of consenting to the search. *Smith v. State,* 604 P.2d 139 (Okl.Cr.1979). Because Ms. Roblow consented, the warrantless search was not unreasonable. Also, we find no merit to the State's argument that the appellant had no standing to assert a fourth amendment violation. The evidence revealed that the appellant had a legitimate expectation of privacy in the area searched. See *U.S. v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

■ The appellant urges the seizure of the address book was unlawful. We disagree. Once the officer was given Ms. Roblow's consent, he had a right to be in the bedroom where the address book was discovered in plain view. In *Abbott v. State,* 565 P.2d 691 (Okl.Cr.1977), this Court determined that the plain view rule applies when: (1) the initial intrusion which afforded the plain view was lawful; (2) the discovery of the evidence was inadvertent; and, (3) the incriminating nature of the object was immediately apparent. All these requirements were met in the case at bar. First, the intrusion was lawful and the officers were acting pursuant to a consent to search form. The second requirement, an inadvertent discovery, is also satisfied. The record indicates that the officers had no prior knowledge of the existence or location of the address book. The third requirement is supported by the evidence in that the record reveals that the officer was looking for a nexus between Deloris Mauldin and the appellant. Upon inquiring as to the ownership of the address book, Ms. Roblow stated it belonged to the appellant. At that point, the incriminating nature of the contents of the book was apparent. This assignment of error has no merit.

The appellant also claims that no probable cause existed for his warrantless arrest and that 22 O.S.1981, § 196, Arrest Without Warrant by Officer, is unconstitutional. To support his argument that section 196 is

unconstitutional, the appellant relies on *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), wherein the U.S. Supreme Court struck down a New York law authorizing its police officers to break into suspect houses to make warrantless arrests. The Court held that the statute violated the fourth amendment. The appellant has failed to carry his burden of proving the unconstitutionality of section 196, in that the Oklahoma statute does not authorize the conduct proscribed by the Supreme Court in *Payton.* See *Hilliary v. State,* 630 P.2d 791 (Okl.Cr.1981).

█ A review of the evidence establishes that the police officer had probable cause to make the warrantless arrest of the appellant. It is this Court's opinion that the arresting officer had trustworthy information sufficient to warrant a prudent man in believing the appellant had committed an offense. See *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). A description of the appellant was given to the officer by Deloris Mauldin, and Lee McIntre had given the appellant's name as the person he had told to contact Mrs. Mauldin about contracting to kill Mr. Mauldin. This was sufficient to establish probable cause to arrest the appellant.

We need not address the appellant's proposition asserting that he confessed to the crime only after being confronted with the address book, allegedly the fruit of an illegal search, other than to state that we have already established that the search was not illegal and the record indicates the confession was voluntarily given.

█ The appellant urges in his sixth proposition that reversible error occurred when the trial court failed to instruct the jury on first and second degree manslaughter. It is the position of this Court that jury instructions are left to the trial court's discretion. As long as the instructions, when considered as a whole, fairly and accurately state the applicable law, we will not interfere. *Green v. State,* 611 P.2d 262 (Okl.Cr.1980).

█ An instruction on manslaughter was not warranted by the facts of this case. The trial judge did not abuse his discretion in failing to give those instructions. Instead, he properly instructed on the lesser included offense of second degree murder.

█ The appellant's seventh proposition alleges that 21 O.S.1981, § 701.8, Murder in the Second Degree, is unconstitutional as it shifts the burden of proof to the defendant to overcome the presumption that he is guilty. Statutes are presumptively constitutional and the challenging party bears the burden of proving otherwise. *Hilliary v. State,* supra. The appellant has not supported his allegation with sufficient argument to meet his burden of proof. Hence, this proposition is meritless.

█ The appellant complains that the information was defective in that it failed to apprise him of the crime charged. All that is required by statute is that the information be a statement of the acts constituting the offense, in ordinary concise language, and in such a manner as to enable a person of common understanding to know what is intended. 22 O.S.1981, § 401. We have carefully examined the information in the case at bar and conclude that the information meets the statutory requirement.

█ The appellant and Deloris Mauldin were tried together and on appeal the appellant claims the trial court erred in overruling his motion for severance. The rule is well-settled that, absent a showing of abuse of discretion, the trial court's failure to grant a motion for severance will not be considered grounds for reversal of a conviction. *Gibson v. State,* 501 P.2d 891 (Okl. Cr.1972). The appellant's brief lacks any evidence of prejudice. Both defendants confessed to their own participation in the crime. We find it difficult to perceive how the appellant can contend he was prejudiced by a co-defendant, when he has already admitted his participation in the criminal act. The appellant has not sustained his burden of showing prejudice.

We find no indiscretion on the trial court's behalf.

As his final proposition, the appellant contends that the verdict is not supported by the evidence. In particular, it is alleged that the State failed to prove the cause of death beyond a reasonable doubt. We find no merit in this contention as the only expert witness presented on the cause of death was Dr. Chapman, the Medical Examiner, who stated that the cause of death was manual strangulation.

Accordingly, the judgment and sentence is Affirmed.

CORNISH, J., concurs.

BUSSEY, P.J., concurs in results.