v.

The STATE of Oklahoma, Appellee.

No. J–88–58.

Court of Criminal Appeals of Oklahoma.

April 6, 1988.

Rehearing Denied April 18, 1988.

John Thomas Hall, Tulsa, for appellant.

Lantz McClain, Creek County Dist. Atty., J. Bruce Schultz, Asst. Dist. Atty., Sapulpa, for appellee.

## OPINION

PARKS, Judge:

Appellant, S.A.H., a juvenile of the age of seventeen, was charged as an adult under the Reverse Certification Statute, 10 O.S.Supp.1986, § 1104.2, in Creek County District Court, Case No. CRF–87–240, with two counts of First Degree Murder (21 O.S. 1981, § 701.7), two counts of Kidnapping (21 O.S. 1981, § 741), two counts of Robbery With Firearms (21 O.S. 1981, § 801), one count of Third Degree Arson (21 O.S. 1981, § 1403), and two counts of Larceny of an Automobile (21 O.S. 1981, § 1720). A preliminary hearing was held on December 2, 1987, before the Honorable Bill Wilson, Special District Judge, and was continued on December 24, 1987, at which time appellant presented evidence in support of his motion to be certified as a juvenile. Judge Wilson denied appellant's motion and bound appellant over for trial. On February 4, 1988, this Court entered a stay of the scheduled trial pending appeal from the order declining to certify appellant as a juvenile. We affirm.

Appellant first argues that 10 O.S.Supp.1986, § 1104.2 violates the cruel and unusual punishment clause of the Eighth Amendment because of the potential for execution of a person under eighteen (18) years of age. We recognize that the eighth amendment is applicable to the states by way of the due process clause of the Fourteenth Amendment. *Robinson v. California,* 370 U.S. 660, 667, 82 S.Ct. 1417, 1420–21, 8 L.Ed.2d 758 (1962). The question of whether the Eighth and Fourteenth Amendments prohibit the imposition of the death penalty upon a juvenile offender who was sixteen (16) years old at the time of the commission of the offense was presented to the United States Supreme Court in *Eddings v. Oklahoma,* 450 U.S. 1040, 101 S.Ct. 1756, 68 L.Ed.2d 237 (1981). *See Eddings v. Oklahoma,* 455 U.S. 104, 120, 102 S.Ct. 869, 879, 71 L.Ed.2d 1 (1982) (Burger, C.J., dissenting). A majority of

the Court avoided this issue, however, and reversed instead on the failure of the trial court to consider Eddings' family history as relevant mitigating evidence. *Eddings v. Oklahoma*, 455 U.S. at 113–15, 102 S.Ct. at 876–77. In *Thompson v. State*, 724 P.2d 780, 784 (Okla.Crim.App.1986), this Court reaffirmed its prior holding that imposition of the death penalty on a juvenile who was fifteen (15) years old at the time of the offense constitutes neither cruel nor unusual punishment, where the minor has been certified as an adult. U.S. Const. Amend. VIII, XIV; Okla. Const. art. II, § 9. This issue is pending before the United States Supreme Court on a writ of certiorari. *Thompson v. Oklahoma*, —— U.S. ——, 107 S.Ct. 1284–85, 94 L.Ed.2d 143 (1987). Oral arguments in *Thompson* were heard on November 9, 1987. *See* 56 U.S.L. W. 337 (1987). We decline to address whether the same result would obtain under the reverse certification statute, however, because this issue has been prematurely raised. Eighth amendment scrutiny is appropriate only after the State has secured a formal adjudication of guilt, so as to have acquired the power to punish. *City of Revere v. Mass. Gen. Hosp*, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed. 2d 605 (1983). Appellant has neither been tried on, convicted of, nor sentenced for, the charges against him. In the event appellant is convicted and sentenced to death, the eighth amendment issue should be presented on direct appeal.

 In his final assignment, appellant claims that 10 O.S.Supp.1986, § 1104.2 violates both substantive due process and equal protection standards of review. U.S. Const. V, XIV. Statutes are presumptively constitutional, and the challenging party has the burden of proving otherwise. *Nunley v. State*, 660 P.2d 1052, 1056 (Okla. Crim.App.1983), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 179 (1983). This Court has previously rejected similar due process and equal protection claims. *See K.C.W. v. State*, 736 P.2d 525, 526 (Okla. Crim.App.1987); *Trolinger v. State*, 736 P.2d 168, 170–71 (Okla.Crim.App.1987); *Rogers v. State*, 721 P.2d 805, 807 (Okla. Crim.App.1986); *Jones v. State*, 654 P.2d

1080, 1081–84 (Okla.Crim.App.1982). Appellant cites no case wherein a similar statute has been held unconstitutional. This assignment is without merit.

■ Appellant does not claim that the judge erred in applying the four factors set forth in 10 O.S.Supp.1986, § 1104.2, and, having read the applicable transcripts, we find no abuse of discretion. *Trolinger*, 736 P.2d at 170. For all of the foregoing reasons, our prior stay of the proceedings is vacated, and we find that the order of the Creek County District Court declining to certify the appellant as a juvenile should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.