**STATE of Oklahoma, Appellant,**

v.

**Arthur Leroy RHINE and Donald Edward Korb, Appellees.**

**No. S–88–176.**

Court of Criminal Appeals of Oklahoma.

May 18, 1989.

Robert H. Henry, Atty. Gen. and Wellon, B. Poe, Asst. Atty. Gen., for appellant.

Ronald B. Stockwell, Garrette & Stockwell, Miami, for appellees.

## OPINION

BUSSEY, Judge:

Appellees, Arthur Leroy Rhine and Donald Edward Korb, were charged in the District Court of Ottawa County, Case No. CRF–87–105, with Embezzlement by a Bailee. The charge was dismissed at preliminary hearing, and the magistrate's ruling was affirmed on appeal to the district court. The State has appealed from the district court's ruling.

In its first assignment, the State seeks reversal because the preliminary hearing magistrate denied an oral request for continuance to produce a material witness. However, the denial of a motion for a continuance is not appealable by the State. *See* 22 O.S.Supp.1988, § 1089.1.

■ The State next asserts that the magistrate erred in sustaining appellees' demurrer to the evidence because the evidence offered at preliminary hearing showed that a crime was committed, and reasonable cause to believe that appellees committed the crime. *State v. Benson,* 661 P.2d 908 (Okl.Cr.1983). Appellees respond that the District Court gave "appropriate deference to the basic, primary or historical facts found by the magistrate" as required by this Court's decision in *Fletcher v. State,* 735 P.2d 1190 (Okl.Cr.1986). Finding no errors of law, the district court denied the State's appeal.

*Fletcher* was decided on the basis of language contained in our Court Rules. *See* Section VI., Rules of the Court of Criminal Appeals, 22 O.S.1981, ch. 18 App. Since *Fletcher,* however, the legislature has enacted 22 O.S.Supp.1988, § 1089.1–1089.7, which governs the State's right to appeal rulings of magistrates. Section 1089.5 provides specifically:

> In the event that the state appeals the ruling of the preliminary hearing magistrate ordering a defendant discharged based upon a finding of insufficiency of the evidence to establish that a felony has been committed or insufficiency of the evidence to show that there is probable cause to believe that the accused has committed a felony, *the assigned judge shall determine, based upon the entire record developed before the magistrate, whether the evidence, taken in the light most favorable to the state, is sufficient to find that a felony crime has been committed and that the defendant probably committed said crime.*

(Emphasis added.) To the extent that *Fletcher* prevents a review of facts under the standard provided in Section 1089.5, it has been superseded and must be overruled.

■ The facts of this case revolve around an accident on the Oklahoma Turnpike in Ottawa County. While trying to avoid a deer on the road, a livestock truck crashed and overturned. Several animals from the truck were on or near the road, some of them injured and some of them dead. During the clean-up process, appellees, who were members of the Ottawa County Sheriff's office, slit the throats of several injured animals, took them to a rendering plant, and had the meat processed for the sheriff's office. The officers assisting in the clean-up agreed that this meat should be shared among them to compensate them for their efforts. The remaining live animals were to be taken to Joplin and left at the stock yards. Before reaching Joplin, however, appellees dropped off another hog at a rendering plant because the hog was scaring the other livestock on the trailer. This hog was

also processed for the sheriff's office. Some of the meat was served to prisoners in the county jail, some was eaten at a chili cookoff to raise money for the sheriff's office, and some was given to officers who helped at the accident site. The Information charged each appellee with embezzlement by a bailee of a live hog.

The evidence shows that appellees originally took the animal with the intent to deliver it to Joplin where it could be held at the owner's disposal, and decided only afterward to appropriate the property. Thus the original acquisition was lawful, and the animal could be subsequently embezzled. Appellees, however, claim that the State failed to establish the fact of a bailment, thus precluding any prosecution under 21 O.S.1981, § 1455. The State relies upon 15 O.S.1981, § 443 to show that an involuntary bailment had been established.

The State's argument is well taken. In *Mitchell v. Oklahoma Cotton Growers' Ass'n*, 108 Okl. 200, 235 P. 597 (1925), the Oklahoma Supreme Court addressed a situation where cotton bales had been carried off by flood waters and deposited on Mitchell's land. The Court held that under those circumstances, Mitchell was an involuntary bailee under the statute. Appellees in this case are in a similar situation inasmuch as they came into lawful possession of the hog in the course of an extraordinary emergency.

■ Appellees also contend that they established an absolute defense under 21 O.S. 1981, § 1459. This statute provides:

Upon any prosecution for embezzlement it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith even though such claim is untenable. But this provision shall not excuse the retention of the property of another, to offset or pay demand held against him.

The record, viewed in the light most favorable to the State, supports the position that appellees retained the animals because they felt entitled to compensation for their services. The statute specifically excludes the defense of retention of property to offset or pay a demand, and this argument must fail. *See Bush v. State*, 91 Okl.Cr. 310, 218 P.2d 386 (1950).

■ Finally, the magistrate ruled that the evidence "failed to establish by a preponderance that the property was converted to the personal use of these Defendants." The undisputed evidence showed that appellees appropriated the meat to a use not authorized by the true owner. Therefore, the evidence did establish the necessary elements of the crime, *see Oklahoma Uniform Jury Instructions* (OUJI-CR) 523, 527 (1981), and this argument must also fail.

For the foregoing reasons, the ruling of the magistrate in Case No. CRF–87–105 is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

LANE and LUMPKIN, JJ., concur.

PARKS, V.P.J., and BRETT, P.J., dissent.

PARKS, Vice Presiding Judge, dissenting:

I dissent. Having reviewed the entire record, I must agree with the district judge who reviewed the magistrate's ruling sustaining appellees' demurrers that the State failed to show probable cause that appellees committed embezzlement by bailee under 21 O.S.1981, § 1455. Further, while I agree legislative enactment of 22 O.S.Supp. 1987, §§ 1089.1–1089.7 supercedes former Rule Six, 22 O.S.1981, Ch. 18, App., I believe it would be beneficial to this Court in all future cases to require the reviewing district judge or associate district judge to enter an order stating his findings of fact and conclusions of law supporting his ruling. *See Fletcher v. State*, 735 P.2d 1190, 1198 (Okla.Crim.App.1987).