**Edward Lemuel NEWTON, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–89–927.**

Court of Criminal Appeals of Oklahoma.

Dec. 31, 1991.

Rehearing Denied Feb. 4, 1992.

**393**

Bruce A. Peabody, Bartlesville, for appellant.

Robert H. Henry, Atty. Gen. of Oklahoma and Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

Edward Lemuel Newton, Jr., was tried by a judge for the crime of Unlawful Possession of a Controlled Dangerous Substance with Intent to Distribute and Unlawful Possession of Drug Paraphernalia in violation of 63 O.S.Supp.1987, §§ 2–401 and 2–405, respectively, in Case No. CRF–87–251 and CRF–87–584 in the District Court of Washington County before the Honorable John G. Lanning, District Judge. The judge sentenced appellant to twenty (20) years imprisonment, with thirteen (13) years suspended and various fines totalling $12,104.00 for the Possession With Intent to Distribute charge. For the paraphernalia charge, appellant was fined a total of $1,104.00. From this judgment and sentence, appellant appeals.

Appellant's first three propositions relate to the issuance of the search warrant. On August 7, 1987, Detective Gardella presented an affidavit to the magistrate in order to get a warrant issued for the search of appellant's residence and car. The facts and circumstances alleged in the affidavit were based on hearsay statements from Charles Jackson, a named informant. The judge found probable cause and issued the search warrant.

On November 24, 1987, following a hearing on appellant's Motion to Quash and Motion to Suppress, the examining magistrate determined that the affidavit for the search warrant stated no facts that supported probable cause and sustained appellant's motions. The State, pursuant to 22 O.S.Supp.1987, § 1089.1 *et seq,* appealed this decision. The reviewing judge, the

Honorable J.R. Pearman, orally entered an order reversing the examining magistrate and remanded the matter for further preliminary examination. Subsequently, after this Court entered an order staying the proceedings until a written order was entered, Judge Pearman filed a written order on December 23, 1987.

As his first proposition, appellant asserts that the affidavit in which the search warrant was issued failed to show probable cause for issuance of the warrant. Specifically, appellant argues that the affidavit was missing sufficient information and circumstances about Charles Jackson's veracity and basis of knowledge because it did not state that he was a prior felon.

The standard for review for the validity of a search warrant is the totality of circumstances. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *accord Langham v. State,* 787 P.2d 1279 (Okl.Cr.1990). Under the totality of the circumstances approach, the task of the issuing magistrate is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Langham* at 1281, *quoting Gates,* 462 U.S. at 238–239, 103 S.Ct. at 2332–33, 76 L.Ed.2d at 548. The reviewing court's duty is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Id.*

In the present case, the affidavit was totally based on hearsay from Charles Jackson, a disclosed informant. In the affidavit, Detective Gardella stated that Charles Jackson gave him the information in exchange for a favorable recommendation on his pending criminal charge. The affidavit revealed that Mr. Jackson had observed people asking appellant for cocaine and had seen the exchange of money between them. Further, he provided a detailed description of the residence with spe-

cific directions to appellant's bedroom. He also stated that the cocaine was generally kept in appellant's maroon bathrobe pocket.

■ The specificity of the details provided by the informant shows he had personal knowledge. Regarding the omission of the fact that the informant was a felon, appellant has not established by a preponderance of the evidence that the affiant knowingly and intentionally, or in a reckless disregard for the truth, made a false statement in the affidavit. *Hines v. State*, 684 P.2d 1202, 1204 (Okl.Cr.1984). The failure to disclose the fact that the informant had a record is not per se proof of unreliability. This, along with the fact that the Judge had knowledge that a charge was pending against the informant, leads us to find that there was a substantial basis for the issuance of the search warrant.

Additionally, in this proposition, appellant urges this court to reexamine our decision in *Langham* and reject the *Gates* standard. For the reasons articulated in *Langham*, we again accept the *Gates* rule. This assignment is without merit.

■ Because appellant's second and third propositions are so intertwined and confusing, the various discernable arguments will be addressed together. Appellant's arguments generally concern the interpretation and constitutionality of 22 O.S.Supp.1987, § 1089.1 *et seq.*, and the difference between the requirements and procedure for appeals under the old Rule Six of our Court Rules versus its codified version in Section 1089.1 *et seq. See* Section VI, Rules of the Court of Criminal Appeals, 22 O.S.1981, Ch. 18, App.

First, appellant challenges the reviewing judge's jurisdiction over the examining magistrate. He claims the Oklahoma Constitution gives district courts unlimited original jurisdiction and does not give any other district judge greater or superintending jurisdiction. Okla. Const. art. 7, § 7. Rather, only this court has appellate juris-

diction over district courts. 20 O.S.1981, § 40. Thus, appellant claims 22 O.S.Supp. 1987, § 1089.1 *et seq.*, violates the Oklahoma Constitution and Judge Pearman did not have jurisdiction and was acting beyond his scope of authority.

The Oklahoma Constitution states that the district court shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this article. Okla. Const. art. 7, § 7. (emphasis added) Article 7, § 1, recognizes that the Court of Criminal Appeals is established by the Constitution, but explicitly gives the legislature the power to change or abolish the court. Okla. Const. art. 7, § 1. Article 7, § 4 provides "... That the Court of Criminal Appeals shall have exclusive appellate jurisdiction until otherwise provided by statute...."

Thus, it is clear that the legislature was well within their authority in enacting 22 O.S.1981, § 1089.1 *et seq.*, and giving a lower court review authority or jurisdiction. We find Section 1089.1 *et seq.* is not violative of the Oklahoma Constitution and the judge was not acting beyond the scope of his authority.

■ Next, appellant asserts that Judge Pearman's written order filed on December 23, 1987, was filed out of time. He states it was not filed within twenty (20) days from the filing of the State's application to appeal as mandatorily required by 22 O.S.Supp.1987, § 1089.2(C). Section 1089.-2(C), in pertinent part, states:

> The presiding judge shall assign the application to another district judge or associate district judge within the same judicial administrative district, and shall order the assigned judge to set said matter for hearing and decision within twenty (20) days from the filing of the written application to appeal. 22 O.S.Supp.1987, § 1089.2(C)

From the plain language of Section 1089.2(C), it is clear that there is no requirement that the decision must be in writing within twenty days. The State filed its written application to appeal on

December 3, 1987. The judge announced his decision orally on December 9, 1987, well within the statutory time limit. This argument is without merit.

■ Third, appellant argues that the judge erred and his written order was jurisdictionally defective because in his order he failed to commit into writing the errors of law committed by the original magistrate. Rule 6.1(C) of our Court Rules requires the reviewing judge to execute a *written* order containing his findings of fact and conclusions of law along with directions as to the proper order to be issued by the magistrate. Section VI, Rules of the Court of Criminal Appeals, 22 O.S.Supp.1989, Ch. 18, App. Court rules have the same force and effect as a statute. 22 O.S.1981, § 1051(b). Thus, we agree that a reviewing judge must specifically set out his findings of fact and conclusions of law when he files his written order.

■ In this case, the judge did not specify his findings of fact and conclusions of law when he filed his written order on December 23, 1987. Judge Pearman orally stated his specific reasons for his decision and gave both the State and appellant notice that he was going to order the preliminary hearing to continue. (Tr. 42) The purpose behind requiring a written order is for this court's benefit on review so that we know the reasons for the ruling.

■ Next, appellant asserts that the judge exceeded his authorized scope of review by not giving deference to the original magistrate's findings of fact. Appellant bases his argument on Rule 6 as interpreted in *Fletcher v. State*, 735 P.2d 1190 (Okl. Cr.1986). Under such decision, we held the examining judge could only review an error of law and not fact.

The reliance on *Fletcher* is misplaced. In *State v. Rhine*, 773 P.2d 762, 763 (Okl.

Cr.1989), we overruled *Fletcher* to the extent it prevented a review of the facts under the standard provided in 22 O.S.Supp.1987, § 1089.5. We held Section 1089.5 specifically directs an assigned judge to make his determination "based upon the entire record". Review of the other appealable types of magistrate's rulings are governed by 22 O.S.Supp.1987, § 1089.4, which contains similar language to Section 1089.5.[1] 22 O.S.Supp.1987, § 1089.4 states:

> The judge assigned the state's application to appeal **shall review all relevant portions of the record** of the case before the magistrate, including, but not limited to, partial or complete transcripts of the preliminary hearing; affidavits for a search warrant; search warrants; electronic recording tapes, belts or discs; written stipulations of facts; or any evidence which was presented at the preliminary hearing. (emphasis added)

Like Section 1089.5, in Section 1089.4 the legislature has broadened the scope of review to include facts as well as law. When there are inconsistencies between Rule 6 and 1089.1 *et seq.*, the statutory language controls. *Rhine* at 763. Thus, we overrule *Fletcher* in regards to the review of the record under Section 1089.4.

Additionally, again we point out that our Court Rules mandate the reviewing judge to specify his findings of fact and conclusions of law. *See* Section VI, Rule 6.1(A) and (C) of the Rules of the Court of Criminal Appeals, 22 O.S.Supp.1989, Ch. 18, App.

■ Related to his last argument is appellant's fifth assertion in which he claims that 22 O.S.Supp.1987, § 1089.1 *et seq.*, is unconstitutional because it fails to

---

1. 22 O.S.1981, § 1089.1 sets out the types of rulings that the state may appeal. The state may appeal an adverse ruling or order of a magistrate sustaining a motion to suppress evidence, quashing an information, sustaining a plea to the jurisdiction of the court, failing to find prosecutive merit in a hearing pursuant to Section 1112 of Title 10 of the Oklahoma Statutes, sustaining a demurrer to the information, binding the defendant over for trial on a charge other than the charge for the original offense, or discharging a defendant at the preliminary examination because of insufficiency of the evidence to establish either that a crime has been committed or that there is probable cause to believe that the accused has committed a felony.

limit the scope of review to only errors of law. Specifically, appellant asserts that Section 1089.1 *et seq.*, is violative of due process and equal protection. However, appellant fails to support his citation of authority with any explanation of the applicable tests, reasoning, or argument. Statutes are presumed to be constitutional and the person alleging their unconstitutionality has the burden of proof. *Nunley v. State*, 660 P.2d 1052, 1056 (Okl.Cr.1983); *S.A.H. v. State*, 753 P.2d 381, 383 (Okl.Cr. 1988). We find appellant did not meet his burden of proof.

■ Appellant also asserts Section 1089.1 violates due process and equal protection because it only affords the State a right of appeal. However, it should be noted that both a defendant and the State have a right to appeal the same type of issues but at different times. The state is granted the right of appeal pursuant to the provisions of Section 1089.1 *et seq.* The defendant is granted the right of appeal if he is convicted. Each right of appeal is provided at the time a final determination is entered as to each party's case. Appellant's rights have not been violated and, therefore, this proposition is unfounded.

■ Next, appellant argues that the evidence was insufficient to find him guilty of intent to distribute. He asserts: (1) his conviction was totally based on circumstantial evidence that did not exclude every reasonable hypothesis but guilt. *Riley v. State*, 760 P.2d 198, 199 (Okl.Cr.1988); and (2) the 13.25 grams of cocaine he possessed was a diminutive amount and did not support the inference that the drugs were for distribution and not personal use. We disagree with both assertions.

Along with the cocaine, plastic baggies, rubber gloves, a measuring cup with residue in it, razor blades, and a large amount of cash were found either in appellant's house or on appellant. This evidence consisted of sufficient circumstantial evidence

to support a finding of intent to distribute. *See Gates v. State*, 754 P.2d 882, 855 (Okl. Cr.1988); *Jones v. State*, 772 P.2d 922, 926 (Okl.Cr.1989); *Champeau v. State*, 678 P.2d 1192, 1194 (Okl.Cr.1984). This assignment is also without merit.

■ In his fifth and final proposition, appellant claims his sentence of twenty (20) years with thirteen (13) years suspended was excessive. This sentence was well within the possible sentence range and does not shock our conscience, to the contrary, be given the benefit of doubt. *Geary v. State*, 709 P.2d 690, 695 (Okl.Cr. 1985); 63 O.S.Supp.1987, § 2–401(B)(1). This proposition is groundless.

The Judgment and Sentence is AFFIRMED.

LANE, P.J., and LUMPKIN, V.P.J., concur.

BRETT, J., dissents and files an opinion and joins in PARKS', J., dissent.

PARKS, J., dissents and files an opinion.

BRETT, Judge dissenting:

I agree with Judge Parks and join in his statement that this case should be reversed because the search warrant affidavit lacked sufficient information to give the magistrate probable cause to issue the search warrant. Even under the *Illinois v. Gates* "totality of the circumstances" standard, the affidavit is lacking in reliability. The right to be free from a police search of one's home must be guarded from arbitrary intrusion. Accordingly, I dissent.

PARKS, Judge, dissenting:

I dissent. I find the search warrant affidavit lacks sufficient information to give rise to belief that there was probable cause to issue the warrant. I recognize that this Court discarded the *Aguilar–Spinelli* standard regarding state constitutional attacks upon search warrant affidavits.[1] *Lang-*

1. It remains the opinion of this writer that the Court should not have abandoned the *Aguilar-*

*Spinelli* line of cases. However, I am bound by

*ham v. State,* 787 P.2d 1279 (Okl.Cr.1990). However, I am convinced that the affidavit in the instant case also fails the "totality of the circumstances" test. The majority opinion correctly indicates that the "totality of the circumstances" test requires the issuing magistrate to decide whether, given the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability contraband or evidence of a crime will be found in a particular place. *Langham* at 1281.

In the case before us, the issuing magistrate, the Honorable J.L. Sontag, in the District Court of Washington County, sustained appellant's motion to suppress and motion to quash because of the defective affidavit. However, the reviewing judge, the Honorable J.R. Pearman, entered an order reversing the decision of Judge Sontag. I agree with Judge Sontag that the affidavit was constitutionally inadequate. The affidavit reveals absolutely no information to reflect the trustworthiness or veracity of the informant. Nor does the affidavit indicate that the informant is a convicted felon.

Additionally, the underlying circumstances in this case lack the reliability of those in *Langham.* Here, unlike *Langham,* no controlled purchase of contraband was conducted to verify the informant's statements. Furthermore, unlike *Langham,* the detective/affiant had not known the informant prior to his "tip," so he had no knowledge of the informant's past performance. In short, the affidavit in the instant case lacks any of the underlying safeguards contained in the affidavit reviewed in *Langham.* Accordingly, I dissent.

*stare decisis* to accept the "totality of the circum- stances" test adopted in *Langham.*