**Omar Denton WHITE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–430.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1988.

Rehearing Denied Oct. 19, 1988.

Eugenia T. Baumann, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Randy J. Ma-

lone, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Omar Denton White, appellant, was convicted by jury of Second Degree Burglary After Former Conviction of Two or More Felonies in the Oklahoma County District Court, Case No. CRF–85–4458. He was sentenced to eighty-five (85) years imprisonment. It is from this judgment and sentence that he appeals.

The facts of this case are not at issue. The appellant broke into the victim's house by prying open the back door and then took various items from the house. A neighbor reported the incident and the police promptly answered the call. The police then arrested the appellant without incident. At trial, the State introduced evidence of appellant's seven prior convictions and put on evidence that connected him to the crime. The appellant took the stand and admitted that he committed the burglary and also admitted committing seven other felonies.

In his first assignment, appellant contends that his sentence was excessive and should be modified. The appellant admits that the sentence is within the limits prescribed by statute.

■ This Court will not modify a sentence imposed by the lower court unless that sentence is so excessive that it shocks the conscience of this Court. *See Watkins v. State*, 717 P.2d 1159 (Okl.Cr.1986). This sentence, being within the statutory limits set by the Legislature, does not shock the conscience of this Court. Appellant's first assignment is without merit.

Appellant's second assignment contends that a statement made by one of the prosecution's witnesses, a police officer, about appellant's attempted escape, was an evidentiary harpoon.

■ We have held that a statement is not an evidentiary harpoon unless it is a voluntary statement made by a police officer and is made to prejudice the defendant's rights and in fact does prejudice the

defendant's rights. *See McGowen v. State*, 662 P.2d 1389 (Okl.Cr.1983).

■ In the case at bar, the statement was made in response to a question about a second set of book-in pictures. There was clearly no prejudice shown since the appellant admitted his guilt and former convictions. We therefore find appellant's second and final assignment to be without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in part/dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

I disagree with the majority's treatment of appellant's second assignment, wherein he complains that Officer Dan Evans interjected an evidentiary harpoon. After Officer Evans identified State Exhibit 1 as depicting appellant at the time of his booking, Assistant District Attorney Lou Keel asked Evans to identify State Exhibit 2, which depicted appellant after he was booked, at which time Officer Evans responded: "This depicts the photograph of ... [appellant] as he appeared after ... being booked in the jail. Shortly after we booked him in jail, the next day or two, he *escaped*." (Tr. 15–16) (emphasis added) Defense counsel's motion for a mistrial on the basis of an evidentiary harpoon was denied, and the trial judge told the jury to "just ignore the information that this young man escaped." Considering the evidence of appellant's guilt and the trial judge's admonition, I cannot say that reversible error occurred.

However, this Court cannot ignore or tolerate volunteered statements by experienced police officers which are injected solely to improperly prejudice an accused. *See Nelson v. State*, 687 P.2d 744, 746 (Okla.Crim.App.1984). As Judge Bussey has stated, "[i]n determining whether the sentence is excessive, we will consider the entire record, including improper matter received without objection, and, where justice requires, will modify the sentence."

*Freeman v. State,* 681 P.2d 84, 86 (Okla. Crim.App.1984). The reference to appellant's escape by Officer Evans falls within many, if not all, of the characteristics of an evidentiary harpoon as set forth in *Bruner v. State,* 612 P.2d 1375, 1378 (Okla.Crim. App.1980). Because this improper testimony may have influenced the jury in their assessment of punishment, and taking into account appellant's seven prior felony convictions, I would modify his sentence to sixty (60) years.

Rehearing Denied Oct. 19, 1988.