**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

OMAR DENTON WHITE,

Petitioner-Appellant,

v.

RON WARD,

Respondent-Appellee.

No. 98-6289
(D.C. No. CIV-98-159-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9.  Therefore, the case is ordered submitted without oral argument.

Omar Denton White, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C.

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254 habeas petition.  We deny a certificate of appealability and dismiss the appeal.

In 1985, White was convicted of second-degree burglary after conviction of two or more felonies and was sentenced to eighty-five years' imprisonment.  His conviction and sentence were affirmed on direct appeal in White v. State, 762 P.2d 967 (Okla. Crim. App. 1988).  Although no documentation appears in the record, White alleges he sought and was denied post-conviction relief in state district court in 1989, but did not appeal because he was denied access to a law library.  He filed a second request for post-conviction relief in state district court on July 9, 1991, which was denied on September 19, 1991, and the denial was affirmed on appeal on February 19, 1992.

White filed a habeas petition in federal district court on April 12, 1995.  The court dismissed the petition without prejudice after concluding White had not exhausted state court remedies when he failed to appeal dismissal of his first petition for post-conviction relief.  In an apparent attempt to exhaust state court remedies, White filed a third request for post-conviction relief in state court on September 13, 1996, [1] which was denied on December 16, 1996.  White did not

---

[1]  White alleges he filed a motion "for an appeal out of time" in state district court on October 17, 1995, which was ultimately treated as an application for post-conviction relief.  Although the record on appeal does not contain a copy of the motion or the state court's order or docket sheet acknowledging the motion,
(continued...)

perfect an appeal from that denial until January 21, 1997, and the Oklahoma Court of Criminal Appeals declined to exercise jurisdiction over the appeal. White's objection and request for reconsideration were denied.

White filed the instant habeas petition on January 30, 1998. Respondent moved to dismiss on statute of limitations grounds. The magistrate judge recommended dismissal because the petition was not filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). White filed objections, but the district court adopted the magistrate's report and dismissed the petition as untimely.

To obtain a certificate of appealability, White must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met by a showing that the issues raised "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91 (10th Cir. 1997).

Congress amended "the long-standing prior practice in habeas corpus litigation that gave a prisoner virtually unlimited amounts of time to file a habeas petition in federal court," on April 24, 1996, and "established a one-year period of limitations for habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1224 (10th

---

[1](...continued)
for purposes of this appeal we assume White's allegations are true.

Cir. 1998). The one-year period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to April 24, 1996, the new limitation period could have eliminated entirely an opportunity to file a federal habeas petition. Recognizing this problem, this court has held "that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations does not begin to run until April 24, 1996." Hoggro, 150 F.3d at 1225; United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

The one-year limitation period can be tolled by ongoing post-conviction litigation in state court. See Hoggro, 150 F.3d at 1226. In particular, 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period.

Applying these principles, we agree that White's federal habeas petition was untimely and was therefore barred by § 2244(d). Because White's state conviction became final well prior to Congress' implementation of the new limitation period, his one-year period for filing a federal habeas petition began running on April 24, 1996. It is uncontroverted that White filed a request for

post-conviction relief in state court on September 13, 1996, and the running of the one-year filing period was tolled from that point until the request was denied on December 16, 1996.  Although White appealed the denial, his appeal was untimely and was not "properly filed" for purposes of the tolling statute.        See Hoggro , 150 F.3d at 1226 n.4 ("Section 2244(d)(2) requires a court to subtract time only for the period when the petitioner's 'properly filed' post-conviction application is being pursued.") Accordingly, the one-year limitation period expired on December 16, 1997.    [2]  White's federal habeas petition was filed on January 30, 1998, well outside the one-year limit.  Although White argued he was entitled to have the limitation period equitably tolled, we find nothing in the record to support his argument.  We agree with the district court that the record "reveals a consistent history of lack of diligence on [White's] part and that [White's] failure to timely refile his petition . . . was due to his own lack of diligence."  District Court Order at 6.

White's application for a certificate of appealability is DENIED and the

---

[2]  If there were no ongoing post-conviction proceedings in state court between April 24, 1996, and September 13, 1996, the one-year limitation period would have expired even sooner.

appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
